In the Matter of the Application of MURRAY TILLES and Thirty-four Others Whose Names Are Set Forth in This Petition, Petitioners, Appellants, for an Order Pursuant to Articles 78 and 79 of the Civil Practice Act, against DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION, Respondents. (Proceeding No. 1.)

FREDERICK R. KUBERT, Individually and on Behalf of Others Similarly Situated, Intervenor-Respondent.

In the Matter of the Application of ABRAHAM KLEIN and Four Others Whose Names Are Set Forth in This Petition, Petitioners, Appellants, for an Order Pursuant to Articles 78 and 79 of the Civil Practice Act, against DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION, Respondents. (Proceeding No. 2.)

ERNEST FREIBERGER, Individually and on Behalf of Others Similarly Situated, Intervenor-Respondent.

In the Matter of the Application of ELEANOR L. FRIED and ALICE B. PERLMAN, Petitioners, Appellants, for an Order Pursuant to Articles 78 and 79 of the Civil Practice Act, against DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION, Respondents. (Proceeding No. 3.)

LOUIS RABINOWITZ, Individually and on Behalf of Others Similarly Situated, Intervenor-Respondent.

In the Matter of the Application of THOMAS K. DRURY and Others Whose Names Are Set Forth in This Petition, Petitioners, Appellants, for an Order Pursuant to Articles 78 and 79 of the Civil Practice Act, against DEPARTMENT OF LABOR OF THE STATE OF NEW YORK and the STATE CIVIL SERVICE COMMISSION, Respondents. (Proceeding No. 4.)

SPENCER MAPES, Individually and on Behalf of Others Similarly Situated, Intervenor-Respondent.

(Consolidated Appeals.)

First Department, June 29, 1939.

· *William Harman Black* of counsel [*Jesse S. Richman,* attorney], for the appellants.

*Bernard L. Alderman, Assistant Attorney-General,* of counsel [*Patrick H. Clune, Assistant Attorney-General,* with him on the brief; *John J. Bennett, Jr., Attorney-General,* attorney], for the respondents.

*H. Eliot Kaplan,* for the intervenors-respondents.

PER CURIAM. The Special Term correctly held that there is an issue of fact as to whether petitioners were duly appointed from the appropriate eligible lists or whether their appointments gave them only a *de facto* status until the appointment of others who were inadvertently passed over. The statute requires that appointments shall be made from among those graded highest in open competitive examinations (Civ. Serv. Law, § 14) and that appointments shall be made to all positions by selection of one of the three persons who are willing to accept and are graded highest on the most nearly appropriate eligible list. (Rules for Classified Civil Service, rule VIII, subds. 1, 2 and 3.) The fact that petitioners were appointed earlier than the intervenors who had higher places on the eligible list is not conclusive that petitioners were appointed illegally, as the names of intervenors may have been passed over for good cause. Thus, an intervenor may have been unwilling to accept an appointment immediately or he may be deemed to have declined appointment for failure to accept within the time prescribed an offer of appointment (Rules for Classified Civil Service, rule VIII, subd. 2), or the appointment of intervenor may have been deferred by the appointing officer who may select only one out of three names certified to him. (Rules for Classified Civil Service, rule VIII, subds. 1, 2 and 3; *People ex rel. Balcom* v. *Mosher,* 163 N. Y. 32.)

The circumstances surrounding the appointment of each petitioner and each intervenor must be determined upon evidence, and the legal date of the appointment of each is to be resolved after a trial. After the legal dates of the appointment of intervenors and petitioners have been determined, then the Department of Labor and the State Civil Service Commission are to correct their records so as to indicate the respective dates upon which each should legally have been appointed. Such dates, when fixed, will deter-

mine the seniority rights of all. Suspensions are then to be made pursuant to law in the inverse order of the original appointment to the service as thus corrected. (Civ. Serv. Law, § 31; *Koso* v. *Greene*, 260 N. Y. 491.) After a trial of the issue of fact as herein indicated the court shall render a final order granting the appropriate relief. (Civ. Prac. Act, § 1300.)

The orders appealed from should, accordingly. be affirmed, without costs.

Present — MARTIN, P. J., TOWNLEY, UNTERMYER, COHN and CALLAHAN, JJ.

Orders unanimously affirmed, without costs.