In the Matter of AGNES O'CONNELL, Appellant and Respondent, against PAUL J. KERN . et al., as Commissioners of the Municipal Civil Service Commission of the City of New York, et al., Respondents and Appellants.

Argued November 24, 1941; decided January 15, 1942.

*Irving H. Saypol* and *Leo Kotler* for petitioner, appellant and respondent. This proceeding is not barred by the provisions of section 1286 of the Civil Practice Act. (*Matter of Walsh* v. *LaGuardia*, 269 N. Y. 437.) Petitioner has not been guilty of laches. (*Matter of Cornehl* v. *Kern*, 260 App. Div. 35.) Petitioner is entitled to back pay. (Cons. Laws, ch. 7, § 23; *Matter of Wolfson* v. *Cruise*, 172 Misc. Rep. 577; 258 App. Div. 790; 282 N. Y. 701.)

*William C. Chanler, Corporation Counsel* (*Paxton Blair* and *Charles F. Murphy* of counsel), for Municipal Civil Service Commission et al., respondents and appellants. The transfer of an employee of the Register's office to perform the same work as was done by petitioner as a clerk in the City Clerk's office, and the latter's acquiescence in the transfer, constituted a determination adverse to petitioner by the Civil Service Commission and by the City Clerk, and started running the statute of limitations set forth in section 1286 of the Civil Practice Act. (*Matter*

of *Woods* v. *Finegan,* 246 App. Div. 271; *People ex rel· Davison* v. *Williams,* 213 N. Y. 130; *Schmidt* v. *Merchants Dispatch Transportation Co.,* 270 N. Y. 287; *Wakulaw* v. *State Bank,* 214 App. Div. 673; *Matter of DeLack* v. *Greene,* 170 Misc. Rep. 309; *Matter of Hall* v. *Leonard,* 260 App. Div. 591; 285 N. Y. 719; *Matter of Insley* v. *Shanahan,* 173 Misc. Rep. 33; *Matter of Weinstock* v. *Hammond,* 270 N. Y. 64; *Legg* v. *Brandt,* 261 App. Div. 319; *People ex rel. Young* v. *Collis,* 6 App. Div. 467; *People ex rel. Connolly* v. *Board of Education,* 114 App. Div. 1; 187 N. Y. 535; *People ex rel. Reith* v. *Polk,* 138 App. Div. 497.) The Dowd proceeding was not a class suit so as to toll the statute as to the present petitioner, since he was merely purporting to assert a right personal to him, under section 31-b of the Civil Service Law (Cons. Laws. ch. 7). (*Brinckerhoff* v. *Bostwick,* 99 N. Y. 185; *Bouton* v. *Van Buren,* 229 N. Y. 17; *Kovarsky* v. *Brooklyn Union Gas Co.,* 279 N. Y. 304; *Matter of Conway* v. *Carey,* 283 N. Y. 122.) The petitioner was rightly denied her back pay. (*Matter of Barmonde* v. *Kaplan,* 266 N. Y. 214.)

RIPPEY, J. On June 30, 1939, petitioner, along with others including the defendant Dowd, was, through no delinquency or misconduct on her part, suspended without pay from the competitive civil service position she then held as clerk, grade 3, in the Marriage License Bureau in the office of the City Clerk of the City of New York, and her name was thereupon, with those of the others then similarly suspended with her, entered upon a preferred list for the position last held by her or any other position having the same or similar requirements for entrance as provided in section 31 of the Civil Service Law (Cons. Laws, ch. 7). It then became the duty of Municipal Civil Service Commission to certify from such list the names of persons for reinstatement, in the order of their original appointment, before making certification from any other list, for such position or similar position and no other name could be certified from any other list until such preferred list had been exhausted (Civil Service Law, § 31). Only questions of law are involved in

this proceeding. The facts essential to a determination are not in dispute.

Petitioner received her original appointment on April 20, 1931, and defendant Dowd was originally appointed on March 10, 1932. When the preferred list was established, four persons were ahead of her on the list. Of those, two were reinstated by order of the courts as of March 15, 1940 (*Matter of Wolfson* v. *Cruise*, 282 N. Y. 701). The other two were retired on pension on July 1, 1939, under the provisions of section B3–35.0 of the Administrative Code (L. 1937, ch. 929) and had not thereafter re-entered the city service up to the time this proceeding was commenced.

On July 16, 1939, one Gladys B. Eddy, who was holding the classified civil service position of typewriter copyist in the Register's office of Kings county, was transferred to the Brooklyn Marriage License Bureau of the City Clerk's office and assigned to duties formerly performed by petitioner and by defendant Dowd without legal authority in view of the then existing preferred list for reinstatement and the provisions of the Civil Service Law. In November, 1939, Dowd instituted proceedings for reinstatement. As a result, by consent, he was reinstated to his former position on December 15, 1939, without the knowledge or consent of the petitioner and in violation of her priority rights to the appointment.

The defense is not that the petitioner was not entitled to priority in reinstatement at the time that Dowd was reinstated as against Dowd. Rather, it is based on the contentions that (1) her right to reinstatement accrued at the time Miss Eddy was transferred to the Marriage License Bureau of Brooklyn and consequently she is barred from prosecuting this proceeding by the four months' limitation prescribed by article 78, section 1286, of the Civil Practice Act, and (2) she was guilty of gross and inexcusable laches. This proceeding was commenced on April 11, 1940. She demanded reinstatement and it was refused subsequent to December 15, 1939. She first learned of Dowd's reinstatement in January, 1940. She had no knowledge of or

information concerning the transfer of Miss Eddy, nor did the transfer itself or anything else that occurred charge her with knowledge. No claim is made to the contrary. She was not a party to the Dowd proceeding nor did she have any knowledge of or information concerning it at any time. She neither consented to nor acquiecsed in the Eddy transfer nor waived her rights to priority of reinstatement because of that transfer or the reinstatement of Dowd. There is nothing to indicate that Miss Eddy was classified as a clerk, grade 3, nor was she on the preferred list. At most, petitioner was required only to watch the list for violation of her priority rights to reinstatement, in the absence of proof of notice and knowledge, or of facts charging her with knowledge, of an opening for reinstatement to her former position. She was eligible to reinstatement at the time Dowd was taken back.

The Appellate Division has correctly held that her right to prosecute this proceeding accrued when Dowd was reinstated and she had made her demand for reinstatement and it had been refused. In the circumstances here, petitioner had the right by mandamus to compel her reinstatement since it appears that another person was employed in the position to which she was entitled (Civil Service Law, § 31-b [see now § 31-a]). She was ahead of Dowd on the preferred list. She had a clear legal right to compel the appointing power to reinstate her (Civil Service Law, §§ 31, 31-b; see *Matter of Wolfson* v. *Cruise, supra*). Where the relief sought is " to compel performance of a duty specifically enjoined by law " the proceeding must be instituted " within four months * * * after the respondent's refusal, upon the demand of the petitioner or the person whom he represents, to perform his duty " (Civ. Prac. Act, § 1286). Under the express terms of the statute the proceeding was instituted within the four months prescribed. Under all the circumstances of the case, petitioner cannot be charged with laches so as to bar recovery. This is particularly so since she commenced the proceeding within the time prescribed by law.

The Appellate Division omitted to provide for payment of the salary to which petitioner would have been entitled had she been reinstated to the vacancy as the law required. She has received no other compensation for services since her suspension. She is entitled to salary from December 15, 1939, at the rate of $2,250 per year, that being the salary she was receiving at the time she was suspended from her position (Civil Service Law, § 31-c [see now § 31-b]).

The order of the Appellate Division should be modified in accordance with this opinion and, as so modified, affirmed, with costs to the petitioner.

LEHMAN, Ch. J., LOUGHRAN, FINCH, LEWIS, CONWAY and DESMOND, JJ., concur.

Ordered accordingly.