In the Matter of CLAUDE WATERS et al., Appellants, against ELLSWORTH B. BUCK et al., Constituting the Board of Education of the City of New York et al., Respondents.

First Department, December 21, 1942.

*Albert de Roode* for appellants.

*Nicholas Bucci* of counsel (*Paxton Blair* with him on the brief; *William C. Chanler, Corporation Counsel*), for respondents.

MARTIN, P. J. Petitioners are inspectors of masonry and carpentry in the Board of Education, having been duly appointed in 1930 and 1931.

In 1937, a citywide promotion examination was held for the position of inspector of masonry and carpentry, as a result of which an eligible list for the position was promulgated on or about February 9, 1938. From this citywide list, and between March 1 and September 1, 1938, five individuals were promoted to the position of inspector of masonry and carpentry in the Board of Education. None of these individuals had been theretofore in the employ of the Board of Education but each of them had entered the service of one of the city departments on a date earlier than the petitioners' entry into the service of the Board of Education.

In 1942, because of the cessation of building and construction work, it became necessary to dispense with the services of some of the inspectors. The petitioners were suspended as of August 1, 1942, but the inspectors appointed in 1938 from the citywide list were retained. The latter were credited with seniority for their services in other positions in the city departments in which they had served prior to their entry into the service of the Board of Education as inspectors.

Section 31 of the Civil Service Law (Cons. Laws, ch. 7) provides that suspension shall be made in the inverse order of original appointment in the service.

In *Matter of Tilles* v. *Department of Labor* (257 App. Div. 308) it appeared that in 1937 an eligible list was established for the position of employment interviewer in the Division of Placement and Unemployment Insurance. The entire list was certified to the Division and, in the emergency, the order of standing on the list was ignored and eligibles lower on the list were appointed before those with higher ratings. In 1939, when suspension became necessary, those appointed first sought to be retained. This court determined that a trial should be held to determine the date on which each petitioner should have been *legally* appointed and that such date would be decisive of seniority rights.

In *Matter of Cornehl* v. *Kern* (260 App. Div. 35; affd., 285 N. Y. 777) this court condemned as invalid citywide promotion examinations and, while it refused to nullify certifications and appointments made from a citywide promotion list in the absence of those who would be directly affected, it held that certifications and appointments made subsequent to its decision would be invalid. Thus, it is clear that the inspectors who were appointed in 1938 were appointed from an invalid promotion list. It must be obvious, therefore, that petitioners, who hold their positions validly, may not be suspended while those who were invalidly promoted are retained.

It is argued, in effect, that the petitioners, who have clearly been wrongfully suspended and are without employment, are without remedy because other inspectors who were not suspended have not been made parties to this proceeding. That is a problem for the administrative authorities. The sole question presented by this proceeding is the right of petitioners to reinstatement. The petitioners have established their right to reinstatement.

The order, so far as appealed from, should be reversed with twenty dollars costs and disbursements, and the Board of Education is directed to reinstate the petitioners as of the date of their suspension.

UNTERMYER, J. (dissenting). The appointments of the eight individuals against whom the petitioners seek to establish priority of service were not void but voidable under the decision in *Matter of Cornehl* v. *Kern* (260 App. Div. 35, affd., 285 N. Y. 777). They were made by the heads of departments authorized to make appointments from lists duly certified. They may not, in effect, be rescinded by this collateral method in the absence of the parties most concerned and service rendered under such appointments treated as a nullity, especially where, as here, only their seniority and not their tenure in the Board of Education is attacked.

I, accordingly, dissent and vote to affirm the order.

TOWNLEY and GLENNON, JJ., concur with MARTIN, P. J.; UNTERMYER, J., dissents in opinion; DORE, J., concurs with UNTERMYER, J.

Order, so far as appealed from, reversed with twenty dollars costs and disbursements, and the Board of Education is directed to reinstate the petitioners as of the date of their suspension.

Settle order on notice.