In the Matter of ROGER H. WILLIAMS, Appellant, against FERDINAND Q. MORTON et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Respondents.

Argued March 8, 1948; decided April 22, 1948.

*H. Eliot Kaplan* for appellant. I. The position now filled by the incumbent is identical with the position of " Chief Medical Examiner " filled provisionally by him up to the time of the purported abolition of that position. The nature of the position is determinable by its duties, functions and responsibilities, and not merely by its title. (*Matter of Rooney* v. *Rice,* 274 N. Y. 347; *Matter of Mercer* v. *Dowd,* 288 N. Y. 381; *Matter of Rohr* v. *Kenngott,* 288 N. Y. 97; *Matter of Friend* v. *Valentine,* 261 App. Div. 163, 285 N. Y. 764; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626, 281 N. Y. 87; *Matter of Petrillo* v. *Lynn,* 243 App. Div. 796, 268 N. Y. 673; *Matter of Byrnes* v. *Windels,* 265 N. Y. 403.) II. The position of a medical examiner " in charge of the medical staff " is of a higher grade and rank than that of examining physician, Grade 4. It involves higher **responsibilities, supervision and direction of other medical**

examiners on the board's medical staff. (*Matter of McGowan v. Board of Education,* 273 N. Y. 68; *Matter of Wipfler* v. *Klebes,* 284 N. Y. 248; *Spencer* v. *Ryan,* 237 App. Div. 50, 262 N. Y. 600; *People ex rel. Weeks* v. *Ward,* 162 N. Y. S. 744, 179 App. Div. 905; *Welling* v. *Portfolio,* 26 N. Y. S. 2d 823.) III. The position occupied by the incumbent being substantially that of a " Chief Medical Examiner " (or one of similar nature), higher in rank or authority than examining physician, Grade 4, the transfer of the incumbent to the higher position was illegal. The position must be filled after competitive examination. (*Spencer* v. *Ryan,* 237 App. Div. 50, 262 N. Y. 600; *Matter of Ackerman* v. *Kern,* 281 N. Y. 87; *Matter of Wipfler* v. *Klebes,* 284 N. Y. 248; *Holton* v. *Board of Supervisors, Monroe Co.,* 245 App. Div. 144; *Matter of McNamara* v. *Holling,* 282 N. Y. 109; *Matter of Meenagh* v. *Dewey,* 286 N. Y. 292; *Matter of Andresen* v. *Rice,* 277 N. Y. 271; *Matter of Carow* v. *Board of Education,* 272 N. Y. 341; *Matter of Barthelmess* v. *Cukor,* 231 N. Y. 435; *Matter of Beggs* v. *Kern,* 284 N. Y. 504.) IV. A temporary appointment, no matter how long its duration, cannot ripen into a permanent appointment. (*McCann* v. *Kern,* 262 App. Div. 109, 297 N. Y. 581; *Matter of Ackerman* v. *Kern,* 256 App. Div. 626, 281 N. Y. 87; *Matter of Camfield* v. *Mealy,* 288 N. Y. 149; *Koso* v. *Greene,* 260 N. Y. 491; *Palmer* v. *Board of Education,* 276 N. Y. 222; *Matter of Scahill* v. *Drzewucki,* 269 N. Y. 343; *Matter of Hines* v. *LaGuardia,* 293 N. Y. 207.) V. The incumbent is not a necessary party to this proceeding. (*Matter of Waters* v. *Buck,* 265 App. Div. 344, 290 N. Y. 840; *City of New York* v. *Transport Workers' Union of America,* 28 N. Y. S. 2d 290.)

*Frank E. Karelsen, Jr.,* for Public Education Association, *amicus curiæ,* in support of appellant's position. A purported " reassignment " of an employee by a " transfer ", to perform duties substantially identical to those theretofore performed under a provisional assignment and at the same salary, is an evasion of the Constitution and the civil service laws as to promotions and as to filling such positions by competitive examination.

*Howard C. Kelly* for New York Academy of Medicine, *amicus curiæ,* in support of appellant's position. When the difference

in the nature of the positions is realized, an examination being concededly practicable and the position of examiner (medical examiner or examining physician) existing as a position classified in the competitive class of the civil service, it follows that the Board of Education is under the duty of holding a competitive examination for the position. No mere " assignment " meets the constitutional mandate. (*Hale* v. *Worstell,* 185 N. Y. 247.)

*Florence Kelly* for The Women's City Club of New York, Inc., *amicus curiæ,* in support of appellant's position. The action of the Board of Education in insisting upon the assignment of a member of the medical staff of the board to be " in charge of the medical staff " does not assure the public or the school system that the best qualified person available for the responsible position of a chief medical examiner was earnestly sought to be found or appointed.

*John T. De Graff* for The Civil Service Employees Association, Inc., *amicus curiæ,* in support of appellant's position. While the incumbent's assignment did not change the grade to which his position was allocated, nevertheless, the conceded facts demonstrate that he was assigned to higher and more responsible duties which are reflected in his new salary which was almost double the amount he previously received. It would be difficult to conceive of any state of facts which would more clearly exemplify the normal, ordinary and usual meaning of the word " promotion ".

*John P. McGrath, Corporation Counsel* (*Arthur H. Kahn, Seymour B. Quel* and *Michael A. Castaldi* of counsel), for respondents. I. The Board of Education had the power to abolish in 1946, the position of chief medical examiner created by it in 1942, and to assign its duties to the existing position of examining physician, Grade 4. Since there existed a reasonable basis for the action of the board, its determination may not be upset. (*Matter of Wipfler* v. *Klebes,* 284 N. Y. 248; *Matter of Conway* v. *Carey,* 283 N. Y. 122; *Matter of Spawn* v. *Fleming,* 208 App. Div. 582; *Matter of Edkins* v. *Wotherspoon,* 173 App. Div. 330; *Schieffelin* v. *Lahey,* 243 N. Y. 102; *Matter of Hirshfield* v. *Craig,* 239 N. Y. 98; *Matter of Evans* v. *Berry,* 262 N. Y. 61;

*Matter of Petrocelli* v. *McGoldrick,* 288 N. Y. 25; *Thoma* v. *City of New York,* 263 N. Y. 402; *Matter of Amann* v. *Finegan,* 253 App. Div. 364.) II. This proceeding was not brought within the fourth-month period prescribed by section 1286 of the Civil Practice Act and is, therefore, barred. (*Matter of Weldon* v. *Rheinstein,* 283 N. Y. 753; *Matter of Phillips* v. *Kaplan,* 242 App. Div. 815, 266 N. Y. 514.) III. The incumbent, not being a party to this proceeding, cannot be ousted from his position. (*Matter of Cornehl* v. *Kern,* 260 App. Div. 35, 285 N. Y. 777.)

LOUGHRAN, Ch. J. The petitioner, a citizen of this State, brought this proceeding under article 78 of the Civil Practice Act for an order (1) invalidating the employment of Dr. John E. Conboy as medical examiner in charge of the medical staff of the Board of Education of the City of New York; (2) enjoining the board from assigning the duties of that position to anyone except a person appointed thereto from an eligible list established through a competitive examination conducted pursuant to the Civil Service Law; and (3) directing the Municipal Civil Service Commission of the city to hold such an examination to that end. Special Term dismissed the petition, the Appellate Division affirmed, and the plaintiff has now brought the case here.

In February, 1941, Dr. Conboy was designated as Acting Chief Medical Examiner by the board of education. He was then an examining physician, Grade 4, and was receiving an annual salary of $4,000 for part-time service. Grade 4 embraces annual salaries of "$3,000 and over" and is the highest competitive grade of medical civil service in the city of New York.

In March, 1942, the board of education adopted a plan for reorganization of its medical staff. It was thereby provided: "(a) There shall be a Chief Medical Examiner who, subject to the direction and supervision of the Superintendent of Schools, shall supervise the Medical Staff, together with all matters under the jurisdiction of said Staff, and all persons employed therein. (b) Applicants for the position of Chief Medical Examiner shall meet all the qualifications that may be required by the Municipal Civil Service Commission with the added qualification that the applicant shall be recognized in the medical profession in the City and State of New York as outstanding

as a general internist and he shall not be a psychiatrist or other specialist. (c) The Chief Medical Examiner shall be appointed for a probationary period of three (3) years and he shall hold his position thereafter with permanent tenure as provided by law. Such appointment shall be made from names certified by the Municipal Civil Service Commission from an eligible list established by a competitive examination. (d) The Chief Medical Examiner shall render full-time service for the Board of Education and shall engage in no private practice, except that he shall be required to render continuous, regular ward service as consultant internist in a public hospital of Grade A standing in the City of New York."

Since the war emergency then seemed to stand in the way of a sound permanent appointment to the new position of chief medical examiner, the board of education in November, 1942, assigned the duties thereof to Dr. Conboy on a provisional basis at an annual salary of $7,500 and also granted to him a leave of absence without pay from his civil service position of examining physician, Grade 4. This arrangement continued until July, 1946, when the board of its own motion abolished the new position of chief medical examiner, restored Dr. Conboy to his civil service position of examining physician, Grade 4, and put him in charge of the medical staff at an annual salary of $7,500 — the same salary that had been paid to him during the period of his provisional service as chief medical examiner.

There can be no question of the power of the board of education to abolish the position of chief medical examiner. Nor was the board necessarily wrong in raising Dr. Conboy's salary, for no maximum salary grade was attached to his civil service position of examining physician, Grade 4. But competitive examination for the position of chief medical examiner was practicable, as all the parties are agreed; and, that being so, we are brought to the question whether the employment of Dr. Conboy as medical examiner in charge of the medical staff of the board of education was a " promotion " within the meaning of the civil service principle of the State Constitution (art. V, § 6) which clearly requires all promotions as well as all appointments to be made for merit and fitness after determination thereof by competitive examination, unless such an examination would be futile. (See *Hale* v. *Worstell,* 185 N. Y. 247, 252–253. Cf. *Matter of McNamara* v. *Holling,* 282 N. Y. 109.)

The duties now being performed by Dr. Conboy are the exceptional duties that had been laid down by the board of education for its former position of chief medical examiner, that is to say, supervision of the departmental medical staff and of all its affairs and employees. Moreover, the salary paid to Dr. Conboy for this service is nearly twice as much as that which he had previously received in his civil service position of examining physician, Grade 4. Such an advance in income and in professional responsibility and prestige is certainly a " promotion " in every fair sense of that word. The board of education should, therefore, be directed to stop its employment of Dr. Conboy as medical examiner in charge of its medical staff and should be enjoined from assigning the duties of that position to anyone except a person appointed thereto from an eligible list established through a competitive examination conducted pursuant to the Civil Service Law.

Two lesser issues are still to be noticed. (1) The petitioner did not seek review of any determination made by the board of education; rather, his purpose was " to compel performance of a duty specifically enjoined by law ". Hence the present proceeding was not barred by the four months' limitation defined by section 1286 of the Civil Practice Act, which, in the case of such a proceeding, does not (apart from laches) commence to run until " the respondent's refusal, upon the demand of the petitioner * * * to perform his duty ". (Cf. *Matter of O'Connell* v. *Kern,* 287 N. Y. 297, 301.) (2) Dr. Conboy is neither an indispensable nor a conditionally necessary party herein (see *Matter of Waters* v. *Buck,* 265 App. Div. 344, affd. 290 N. Y. 840).

The orders should be reversed and the matter remitted to Special Term for further proceedings not inconsistent with this opinion, with costs to the petitioner-appellant in all courts.

LEWIS, CONWAY, DESMOND, THACHER, DYE and FULD, JJ., concur.

Orders reversed, etc.