Van Voorhis, J.
Petitioner-appellant has commenced this proceeding under article 78 of the Civil Practice Act to compel the State Liquor Authority to reinstate him in the position of beverage control investigator in the classified civil service. He was granted a leave of absence without pay May 22, 1945, due to illness. Under paragraph a of subdivision 1 of rule XVI of the Buies for Classified Civil Service, a person in such a situation may be reinstated without examination within one year from the *604 commencement of such leave, but it is provided that: “ A leave of absence without pay for more than one year shall be deemed the equivalent of a resignation from the service upon the date of commencement of such absence.” On July 8,1946, an administrative assistant of the appointing power, the State Liquor Authority, wrote to petitioner, advising him that in view of the fact that he had been absent on leave for more than one year he was deemed to have resigned his position as beverage control investigator effective as of the beginning of his leave on May 22, 1945.
Paragraph d of subdivision 1 of rule XVI states as follows: “ Notwithstanding the foregoing provisions of this subdivision, the leave of absence without pay of any person holding a position under the civil service rules may, with the approval of the commission, be extended beyond one year where illness or disability renders such person temporarily incapable of efficiently performing the duties of his position, and the one-year period within which a person may be reinstated after resignation may be extended by the commission for additional periods not to exceed in the aggregate one year, where illness or disability renders such person temporarily incapable of efficiently performing the duties of his former position at or prior to the termination of the original one-year reinstatement period.”
Six days before the expiration of one year from the commencement of petitioner’s leave, the State Liquor Authority wrote to the State Civil Service Commission as follows: “ On May 22, 1945, the Chairman approved a one year’s leave of absence for Mr. Solomon D. Stutson, an investigator in the State Liquor Authority. Mr. Stutson’s illness has been certified to by a competent physician from time to time and the latest certificate that we have had from this physician certifies that Mr. Solomon D. Stutson is still under medical care and that he is still unable to do any kind of work for the present.
“It is the desire of the Chairman to extend this leave of absence for a further period of one year or such lesser time as may be required. This request is made in accordance with Civil Service Buie XVT-1D.
“ Tour early attention to this, will be greatly appreciated inasmuch as the first leave expires on May 21, 1946.”
Thereafter the Civil Service Commission approved this application by the State Liquor Authority for one year from May 22, 1946.
This formal action taken by the State Liquor Authority and the Civil Service Commission conflicts with the position now *605 taken by the authority, that petitioner-appellant was separated from the service upon the expiration of the first year from the onset of his illness and the commencement of his leave of absence without pay on May 22, 1945. His resignation is said to have taken effect automatically under paragraph a of subdivision 1 of rule XVT, notwithstanding this action by the authority and the commission, for the reason that he did not file a formal written request with the authority for an extension of an additional year under paragraph d of subdivision 1. We consider that the determination by the authority to extend his leave for an additional year, or such lesser time as might be required due to petitioner’s illness, as expressed in the letter by the authority to the commission, operated to extend petitioner’s leave on approval by the commission, pursuant to paragraph d of subdivision 1 of rule XVI, even in the absence of a written application by petitioner for such relief. He was entitled to rely upon the action thus taken by the State Liquor Authority and the Civil Service Commission in securing an extension of his leave of absence.
It remains to consider whether the maintenance of this proceeding is barred by section 1286 of the Civil Practice Act, which requires that a proceeding under article 78 shall be instituted within four months after the refusal by respondents to perform a duty specifically enjoined by law (Matter of O’Connell v. Kern, 287 N. Y. 297, 301; Matter of Williams v. Morton, 297 N. Y. 328, 334). In this proceeding, respondents contend that the four months’ Statute of Limitations commenced to run from July 8, 1946, when petitioner was informed by letter from the authority that “ in view of the fact that you have been absent on leave for more than one (1) year you are deemed to have resigned your position as Beverage Control Investigator effective as of the beginning of your leave on May 22, 1945.
‘ ‘ Civil Service Bule XVI subdivision 1 provides,‘ Absence on leave for more than one year shall be deemed equivalent of a resignation from the service upon the date of commencement of such leave.’ ”
In reply to that letter appellant’s attorney wrote to the State Liquor Authority that in his opinion the letter “ does not make a final determination which is reviewable, and I am writing you on his behalf concerning his position which is now in issue.
“ The State Civil Service Commission has notified Mr. Stutson that his leave of absence was effected by formal request, by *606 the State Liquor Authority, that ‘ they be allowed to extend ’ leave under Rule XVI, 1-D, for a second period of one year. This leave, additional to, and extending the leave terminating May 22, 1946, has apparently not been considered or has been ignored in connection with the request made in person and by letter to date, to Mr. Mowry, to Mr. Olsen and to you.
“ I am informed that your Mr. Olsen told Mr. Stutson in person, on July 12th, when he called to see him, on receipt of notice from Mr. Olsen, that the Authority would restore him to his position, but its hands were tied for the reason that the time granted by Rule 16, 1-A, to the Authority so to act was limited to one year, and that the period of one year had then passed.
“ By reason therefore of the foregoing, I am writing to inquire whether you have formally refused to grant continued leave, and if so, upon what ground; also, whether or not you have considered the effect of subdivision 1-D of Rule XVI on the civil service status of Mr. Stutson.
“ Notwithstanding the legal construction of Rule XVI or its possible invalidity, on behalf of Mr. Stutson, I hereby formally make application for his re-instatement as Beverage Control Investigator, in accordance with his rights under subdivision 1-D, and otherwise.”
On November 7, 1946, the State Liquor Authority wrote to appellant’s attorney that although it is true that the authority applied for and the Civil Service Commission approved an extension of his leave of absence for a further year, ‘ ‘ the Civil Service Commission’s action in granting approval for an extension for a leave of absence merely enables the appointing authority, the State Liquor Authority, in its discretion, to approve an extension of such leave. The Liquor Authority, in the exercise of its discretion, has declined to extend the leave of absence of investigator Stutson.” (Emphasis supplied.)
Although the purport of the authority’s letter of July 8,1946, is not entirely clear, we construe it as an interpretation of the powers of the authority under the civil service rule, and of the authority’s opinion of the effect of the existing situation upon the civil service rights of petitioner-appellant, rather than as a positive refusal of the authority to reinstate him upon recovering his health within the second year. It was not until the letter of November 7, 1946, that it was made clear that the authority, “ in the exercise of its discretion, has declined to extend the leave of absence of Investigator Stutson.” This proceeding was commenced within four months from the latter date.
*607 The order appealed from should be reversed, with costs to appellant, and appellant should be reinstated as beverage control investigator of the State Liquor Authority in accordance with the prayer of the petition.
Dore, J. P., Cohn, Callahan and Shientag, JJ., concur.
Order unanimously reversed, with $20 costs and disbursements to the appellant, and appellant directed to be reinstated as beverage control investigator of the State Liquor Authority in accordance with the prayer of the petition. Settle order on notice.