Samuel M. Gold, J.
This is a proceeding (1) to compel the corporation counsel of the City of New York to desist from filling positions under the newly created titles of principal attorney, supervising attorney and senior attorney, except from *117 an eligible list established through competitive examination; (2) to direct the Municipal Civil Service Commission to hold such a competitive examination and to desist from certifying payrolls of employees appointed to positions with such titles without competitive examination; and (3) to enjoin the comptroller from approving such payrolls.
Petitioner, as the result of a competitive examination, was appointed in June, 1944 to the position of tax counsel, grade 4, in the office of the corporation counsel, and he continued in that position until April, 1956 when said position and others were reclassified by the commission in furtherance of the Career and Salary Plan which had been adopted by the Board of Estimate. Prior to April, 1956, there were other grade 4 legal positions in the office of the corporation counsel, among them 1 ‘ law clerk, grade 4” and “associate assistant corporation counsel, grade 4 (all approved specialities) ”. The minimum salary of grade 4 was $4,800 per year. There was no maximum salary attached to grade 4, that being the highest competitive grade of legal service in the city of New York. In December, 1954 the commission adopted a plan of reorganization which eliminated the various grade 4 titles and substituted the titles of attorney, senior attorney and principal attorney, as the equivalents of the grade 4 titles. In April, 1956, all grade 4 attorneys were reclassified to the new title of “ attorney ” for which a salary range of $7,100 to $8,900 per annum had been established by the 1954 resolution of the commission. In June, 1956, the position of “ supervising attorney ” with an annual salary range of from $10,300 to $12,700 was added. In July, 1956, as the result of an on-the-job survey and desk audit by the personnel director of the commission and the budget director of the City of New York, various former grade 4 employees in the city’s legal department were given the title of principal attorney, which carries salary from $11,200 to $13,600; and others were given the title of supervising attorney, at a salary of $10,300 to $12,700 per annum; and still others were given the title of senior attorney with a salary from $9,000 to $11,000 per year.
Petitioner contends that these assignments of former employees who had been in the same grade as himself, to positions of greater responsibility, at higher salaries than those attaching to the position of attorney, to which he and other grade 4 attorneys had been reclassified, constituted promotions and, as such, violated the mandate of the Constitution of the State of New York that “ promotions * * * shall be made according to merit and fitness to be ascertained, as far as practicable, by examination which, as far as practicable, shall be *118 competitive ” (N. Y. Const., art. V, § 6). It is clear from a comparison of the duties of tax counsel, grade 4 (as stated in the commission’s last announcement of the holding of a competitive examination for that position) and the duties of principal attorney, senior attorney and attorney (as described in the exhibits contained in the answering papers on this motion) that the duties of principal attorney and senior attorney are of a higher degree of responsibility than those of the former tax counsel, grade 4, and, also than those of the new title of attorney, to which petitioner and other tax counsel, grade 4, had been reclassified.
Respondents, in attempted justification of their action in assigning some former grade 4 attorneys to positions of higher importance and responsibility, as well as salary, than those held by the remaining grade 4 attorneys, argue that prior to the reclassification grade 4 employees had been performing services of varying degrees of responsibility at varying salaries and that the reclassification “ did no more than what was permitted before ” (Affidavit of Joseph Schechter, sworn to Nov. 1, 1956, p. 11). The difficulty with this contention is that it assumes that employees in the highest competitive grade, for which no maximum salary had been fixed, could legally be assigned-to duties of a higher degree of responsibility and importance than those attaching to the positions occupied by them, without the necessity of holding a competitive promotion examination. The case of Matter of Williams v. Morton (297 N. Y. 328) appears to be definite authority to the contrary. It was there held that the assignment of a grade 4 physician (that being the highest grade in the medical service and one without a maximum salary limitation) to duties of supervision of the other medical employees, was a promotion because the new duties represented an advance in professional responsibility and prestige, as well as in income. The court declared that a competitive promotion examination for the supervisory position was practicable and should have been held in order to comply with the State Constitution.
It is not clear from the papers now before the court wha,t the duties of grade 4 employees of the corporation counsel’s office. other than taco counsel, grade é, were prior to the reclassification. The notices of examination for grade 4 positions (other than tax counsel, grade 4) are not set forth verbatim. The reply affidavit of Joseph Schechter, sworn to November 20, 1956, states (pp. 2-3) that the announcements of examinations for some of the other grade 4 positions revealed that the duties of such positions “ are far more extensive in scope than those *119 required of the Tax Counsel, grade 4 ’ Petitioner, on the other hand, in his reply affidavit (p. 2), alleges that “ the duties presently assigned to Principal Attorney, Supervising Attorney, and Senior Attorney, far exceed any of the duties prescribed for the old Grade 4 positions ’ Although a triable issue of fact is thus presented as to those former grade 4 attorneys, “ other than Tax Counsel, Grade 4 ”, who were made principal attorney, supervising attorney or senior attorney, no such issue exists as to persons formerly holding the position of tax counsel, grade 4, who were given positions as supervising attorney and senior attorney. This is so because, as heretofore pointed out, the duties of tax counsel, grade 4, were lower in importance and responsibility than those of supervising attorney and senior attorney.
Petitioner’s reply affidavit names five former tax counsel, grade 4, employees who were assigned to the positions of supervising attorney and senior attorney without a competitive promotion examination. Since these assignments were made to positions whose duties are undeniably more responsible and important and carry greater prestige than those of the position of tax counsel, grade 4, they constituted promotion (Matter of Williams v. Morton, supra) and, as such, violate the constitutional mandate that promotions be made, where practicable, only as the result of competitive examination. No satisfactory showing that a competitive promotion examination would not be practicable, within the meaning of the Constitution, has been made. There is nothing present here to differentiate this case from any case where higher positions are created and promotion examinations are held to fill them. The papers submitted by the respective parties are conflicting as to whether the persons assigned to the new higher positions had previously in fact been performing the same duties as those called for by such higher positions. This issue is, however, immaterial since, if the “ promoted ” tax counsel, grade 4, had in fact been performing duties of a higher character than those attaching to that position, without having taken a promotion examination, they were not entitled to do so, and the rights of those aggrieved to complain and to have this practice discontinued can not be legally taken from them by the attempted reclassification, which would convert the erroneous prior practice to one invulnerable to attack.
The fact that the violation of the constitutional requirement that promotion be by competitive examination, wherever practicable, is the result of a reclassification pursuant to the Career and Salary Plan, does not affect its invalidity. The cases cited *120 by the respondents are inapplicable to the facts here involved. Indeed, the respondents, apparently recognizing the weakness of their position, attempted to obtain from the 1956 Legislature an amendment of the Administrative Code of the City of New York which would have authorized reclassification of persons in competitive positions, for which no maximun salary was fixed, to new titles, established pursuant to the Career and Salary Plan, on a showing to the satisfaction of the commission that the employee had been satisfactorily performing the duties of such reclassified position for at least two years immediately prior to July 1, 1956. The bill introduced to accomplish this, Senate Bill No. 2370 (Int. No. 2180) was, however, defeated on February 10, 1956.
The contention that this proceeding is premature because petitioner has not appealed to the appeal board established pursuant to paragraph XI of the Career and Salary Plan, is without merit. Paragraph XI (sufra) provides for an appeal board to hear protests ‘1 on salary allocations, and salary reallocations ”. What petitioner is claiming here is something different, viz., that certain new positions should not be filled except through a competitive promotion examination.
The motion is granted insofar as it relates to persons, formerly tax counsel, grade 4, who were assigned to the newly created positions higher than that of attorney to the extent of (1) enjoining the filling of such higher positions without a competitive promotion examination, and (2) enjoining the certification or approval of payrolls for such persons calling for the greater salaries of such higher positions. Insofar as this application relates to those assigned to such new positions who formerly occupied grade 4 positions other than that of tax counsel, grade 4, a trial is directed for the purpose of determining whether the duties of the new positions of principal, supervising and senior attorney are higher in character, responsibility, importance and prestige than those attaching to the grade 4 positions formerly occupied by said persons (as described in the notices of examination for said grade 4 positions).
To the extent that petitioner seeks to compel the commission to hold a promotion examination, the motion is denied. Although the court may enjoin the filling of higher positions without a promotion examination, it may not, on the present record at least, direct the commission to hold an examination for the purpose of filling the positions. Whether they are to be filled depends on the decision of the municipal authorities. The latter may determine to leave the positions vacant.
Settle order.