Aron Steuer, J.
Petitioners are clerks and accountants in the welfare department. Recently positions in the department have been reclassified pursuant to a resolution of the Board of Estimate providing for the so-called Career and Salary Plan. This means that certain positions have been given new titles, higher salaries, greater responsibility and as a consequence more prestige. The new positions have been filled from the ranks of the former grade 5 clerks. The changes were not uniform — that is, some former grade 5 clerks became administrative assistants, others senior administrative assistants, others administrators and so on. These positions carried different pay, duties and responsibility. Like changes were made as to accountants.
No examination of any kind except as hereinafter described was held. All of the employees involved were given questionnaires which had to do chiefly with the work they were then doing. On the basis of the answers the new positions were made and presumably filled. That this constituted promotion no one seriously disputes.
The recent decision of Mr. Justice Gold in Matter of Mandle v. Brown (5 Misc 2d 115) involved the same plan of reclassification as promulgated by the resolution but in a different department. What was said there applies with equal force and little can be added to any purpose. The merit system or civil service is solidly fixed in our Constitution and may not be by-passed even with the best intentions. Whether or not the present instance involves an ingenious scheme to return in a modified degree to the spoils systems is not necessary to consider, The plain mandate of the law requires that these positions *131 be filled by competitive examination and not otherwise. The only exception is where examination would not be practicable. No showing that it would not was made and the attempt to do so was so feeble as not to warrant discussion.
The motion is granted. Settle order.