Burke, J.
(dissenting). In my view, the majority decision constitutes, in effect, a substantial and unfortunate incursion upon the State-endowed rights of our civil service employees.
For the purposes of the motion to dismiss petitioners are concededly entitled to the protection of subdivision 1 of section 22 of the Civil Service Law. By virtue of that provision they have an absolute right to continue in their employment until such time as they might be removed for ‘ ‘ incompetency or misconduct ” and, then, only after a hearing and on stated charges. Under these circumstances their summary dismissal by the respondent, without the benefit even of prior notice or indication, constituted a clear violation of duty. Under article 78 of the Civil Practice Act petitioners are provided with the method whereby their rights may be restored. That method, however, in the interest of expediency, must be asserted within the statutorily prescribed period of time. In a case such as the present one where the relief sought is enforcement of petitioners ’ legal right to continue in their employments, the time prescribed is four months, measured from the date upon which a demand for the relief now requested was refused by the respondent (Civ. Prac. Act, § 1286; Matter of O’Connell v. Kern, 287 N. Y. 297). The majority has found that the firing on April 1 constituted a demand and refusal which started the statute running.
*611 This conclusion in my opinion is at variance with the usual connotation of the term “ demand ” and results in an unintended and unwarranted constriction of the period of limitation.
When petitioners appeared for work on April 1, 1955 as they had done in past years, they had received no indication that they were about to be dismissed. As far as they were aware there was no question but that they would resume their work, as was their right, without event. It seems unreasonable to suggest that under these circumstances, ignorant that their right had been threatened, petitioners’ mere act of reporting for work constituted a “ demand ” in any sense of that word as ordinarily understood. Their appearance at the beginning of the season was no more a “ demand ” than is the daily arrival of a day-to-day employee at his place of work. Moreover, there is nothing in this application to establish that petitioners on April 1 spoke to anyone competent to receive a demand and convey a refusal. The term “ person in charge ” without any explanation as to the extent of authority is an insufficient description upon which to presume that the party referred to had the power to “hire and fire”. Indeed, the allegations referred to in the majority opinion, far from establishing an official refusal at that time, indicate only that petitioners were then given notice of their discharge which, for all that appears, had been decided upon before the necessity for a demand had even been brought home to them.
In my opinion petitioners’ time to bring this proceeding did not start to run until, having had an opportunity to examine the legal nature of their status and the extent of their rights, they formally and actually demanded reinstatement. This request was refused by respondent on August 30, 1955, and less than a month thereafter the present application was filed. Without a finding that their demand .had been unduly postponed (and the present record does not allow of such a finding by this court), this proceeding should be deemed to have been timely commenced.
The statutory right of civil service employees to be secure in their employment and free from the threat of discharge in any but the statutory manner, is a substantial one, worthy of this court’s most diligent protection. At the very least it should not be impaired or curtailed in any way by employment of what appears to be an artificial and unrealistic concept.
*612 The order appealed from should be affirmed.
Conway, Ch. J., Desmond, Dye, Fuld, Froessel and Van Voorhis, JJ., concur in Per Curiam opinion; Burke, J., dissents in an opinion.
Order of Appellate Division reversed and that of Special Term reinstated.