Samuel H. Hofstadter, J.
The petitioner is an honorably discharged veteran who, after he had passed an open competitive examination conducted by the Department of Civil Service of this State, was on July 1, 1949, appointed to the position of administrative assistant in the State Executive Department, Division of Veterans’ Affairs. On April 30, 1954, this position was abolished for 6 ‘ lack of work and curtailment of activities ’ ’ and his name was thereupon placed on a preferred list for transfer or appointment, pursuant to sections 22 and 31 of the Civil Service Law. He has instituted this proceeding under article 78 of the Civil Practice Act for an order directing his appointment or transfer to the position of administrative assistant in the State Department of Mental Hygiene, which he asserts has become vacant. The respondents have cross-moved to dismiss his petition on the ground that it does not state facts sufficient to entitle the petitioner to relief and that the proceeding was not timely instituted. Neither objection is tenable. The attack on the sufficiency of the petition rests mainly on the contention that the right of a veteran to a transfer or appointment here invoked continues only for a reasonable time after it accrues and is lost at the expiration of six months after its accrual. For this contention the respondents cite Matter of Sergeant v. Kern (279 N. Y. 709) in which no opinion was written. The reliance on this case for the stated proposition is, in my opinion, misplaced. The proceeding there was instituted more than four years after the petitioner’s name had been placed on a preferred list; I therefore cannot read the case as authority for the six months’ limitation here invoked. Section 31 of the Civil Service Law limits eligibility to reinstatement to four years. The allegations of the petition are otherwise sufficient to call on the respondents to answer and *977 do not require discussion. The respondents urge that since a vacancy in the Department of Mental Hygiene occurred and was filled on August 15, 1957, and this proceeding was begun on December 30, 1957, it is barred by the four months’ period of limitation. The petitioner, however, did not acquire knowledge of the appointment until November 8, 1957, on which date he demanded appointment to the vacancy. Since the appointment was not a matter of public record the petitioner is not charged with knowledge of it. (Matter of O’Connell v. Kern, 287 N. Y. 297.) The proceeding is one to compel the performance of a duty specifically enjoined by law, and the four months’ limitation begins to run only on the refusal to perform the duty following demand. (Matter of Millicker v. Board of Educ., 275 App. Div. 849, affd. 300 N. Y. 634; Matter of O’Buck v. City of Yonkers, 2 A D 2d 775.) The cross motion is denied. The respondents may answer within five days after service of a copy of this order with notice of entry.