SYLVIA RUSH, Respondent, Appellant, *v.* CURTISS-WRIGHT EXPORT CORPORATION, Appellant, Respondent.*

First Department, December 12, 1941.

* Revg. 175 Misc. 873.

*Earl J. Garey* of counsel [*Herman H. Levy* with him on the brief; *Garey & Garey*, attorneys], for the plaintiff.

*Kenneth M. Spence* of counsel [*James H. Halpin* with him on the brief; *Spence, Windels, Walser, Hotchkiss & Angell*, attorneys], for the defendant.

*Emilio Nunez* of counsel for the Republic of Colombia, as *amicus curiæ.*

GLENNON, J. Plaintiff's assignor was an officer in the United States Navy. During the latter years of his service he was assigned by the Navy Department to advise the government of the Republic of Colombia of South America in connection with its aviation, military and naval problems. While acting in that capacity he received an offer from the Colombian government to enter its service for a period of one year at a salary of $21,000. He informed the president and vice-president of the defendant corporation that he could not afford to enter the employ of the Colombian government since it would be necessary for him to resign from the United States Navy, and, as a consequence, that he would be deprived of his pension. He was then informed by these officers that if he did resign and did accept the offer of the Republic of Colombia the defendant company would pay him commissions upon sales of its commodities to the Colombian government.

Plaintiff's assignor, apparently mindful of the opportunity of making a substantial sum of money, resigned from the United States Navy, entered the employ of the Colombian government, and accepted the offer of the defendant company. It does not seem to be disputed that had the agreement which the defendant entered into been legal, plaintiff's assignor would have been entitled to receive a sum in excess of $41,000 for the services he rendered to the defendant. We are in accord with the views, as expressed by the trial justice, that the contract in suit was corrupt and illegal and, consequently, neither plaintiff nor her assignor can recover under the law of this State.

However, we believe that the court fell into error in directing a judgment in favor of the plaintiff as "trustee for the Republic of Colombia." It must be borne in mind that this action was for a simple breach of contract and, therefore, was tried on the law side of the court. The Republic of Colombia was not a party to the action. Still, the judgment as entered in the sum of $59,429.94, which includes principal, interest and costs, directed that this sum be paid to plaintiff as trustee for the Republic of Colombia "when she shall have filed with the Clerk of this Court a surety company bond in said sum to secure payment thereof by

her into this court for said Republic of Colombia." Further, it was directed "on failure of the defendant to make payment of said sum and judgment to her as such trustee * * *, having given such bond she shall have execution therefor and when collected she shall deposit the same into this court for the Republic of Colombia * * *."

What procedure was to be adopted in the event of the failure or the refusal of the plaintiff to furnish the required bond is left to conjecture. If the Republic of Colombia should decide to institute an action in accordance with the views expressed by Judge POUND in *Donemar, Inc.*, v. *Molloy* (252 N. Y. 360) for the recovery of the amount of the illegal commissions, the defendant might be placed in the position where it would be compelled to pay the principal amount of the claim in the direct action by the Colombian government and in addition thereto to pay a similar sum to the plaintiff as trustee if she saw fit to qualify in the representative capacity at some time in the future.

At the time the judgment was entered there was nothing before the court to indicate that the Republic of Colombia was interested in any manner, shape or form in the outcome of the controversy.

While the procedure adopted might have been a short cut and avoided the necessity of another law suit, still we 'are constrained to hold that the defendant's point is well taken and that in an action at law, in any event, the court exceeded its jurisdiction in entering the judgment from which the appeal was taken.

For the reasons assigned the judgment should be reversed, with costs to the defendant, and the complaint dismissed, with costs.

MARTIN, P. J., O'MALLEY and TOWNLEY, JJ., concur.

Judgment unanimously reversed, with costs to the defendant, and the complaint dismissed, with costs. Settle order on notice.