Carl W. Peterson, J.
The plaintiff herein, an attorney at law, instituted an action at law sounding in contract against the defendant to recover the sum of $30,000 alleged to be due and owing to the plaintiff from the defendant by reason of a series of transactions involving the sale by the plaintiff to the defendant of a certain interest the plaintiff owned as assignee of a portion of the contingent remainder in the estate of one Horace E. Dodge, deceased.
The defendant first interposed an answer in the nature of a general denial. Then later, and by different attorneys, the defendant amended his answer to include certain affirmative defenses sounding in tort, alleging coercion and duress on the part of the plaintiff against the defendant and failure of consideration.
*402 The plaintiff, by motion, attacked the affirmative defenses on the ground of legal insufficiency, but the Special Term held the defenses to raise triable issues of fact, and this decision was affirmed by the Appellate Division, Fourth Department (285 App. Div. 848). So the law of this case, in that respect, has been established.
Now, by a third and different attorney, the defendant again seeks to amend his answer in two important and material respects. He seeks to include two new defenses of illegality growing out of an alleged breach of plaintiff’s fiduciary relationship to a third party, one Christine Cromwell Asserson (formerly Christine Cromwell Hoffman), whom plaintiff represented as counsel at the time of plaintiff’s own personal dealings with the defendant, and also to plead a counterclaim.
Without burdening overmuch this memorandum with verbiage, it can briefly be stated that at the time plaintiff was negotiating with defendant for the sale of his contingent interest in the Dodge estate, he was simultaneously representing as attorney Mrs. Christine Cromwell Asserson in her dealings with defendant to sell a portion of her contingent interest in the Dodge estate to the defendant.
The gist of defendant’s new affirmative defenses is that the plaintiff violated his fiduciary relationship to Mrs. Christine Cromwell Asserson by obtaining for himself a proportionally more advantageous price for his interest than his principal and client received.
The counterclaim follows the same attack upon plaintiff’s position in the case, but includes a demand for judgment in the sum of $10,000 against plaintiff, that being the sum claimed by defendant as being in excess by proportion over the amount paid to plaintiff’s client and principal.
The new affirmative defenses of illegality are sufficient in the law and this court is without discretion in permitting the answer to be amended in such a material respect, though this court is aware of the passage of a prolonged period of time before the amendments were sought.
But in the amendment of the answer respecting the inclusion of the counterclaim, a different situation obtains. If illegality did exist in plaintiff’s dealing with defendant in respect to plaintiff selling his own contingent interest to defendant, then that illegality, as appears by the allegations of defendant’s answer, was recognized and accepted by the defendant as being necessary and helpful to the consummation of his enterprise in relation to obtaining a certain portion of the contingent remainder owned by plaintiff’s client.
*403 This court will not permit the defendant to use the defense of illegality to protect himself from fulfilling his contract with plaintiff by payment and at the same time use the alleged illegality to punish plaintiff by recovering back from plaintiff the sum of $10,000 already paid.
Here the court will leave defendant where he finds himself for if the transaction has the taint of illegality, defendant shares a certain degree of responsibility therefor. His affirmative allegations clearly demonstrate that proposition.
The Court of Appeals has spoken with certainty on this proposition. The court said in Reiner v. North Amer. Newspaper Alliance (259 N. Y. 250, 256): “A court will not lend aid to a party who has committed a tort to enable him to recover from another the price agreed to be paid for his wrongful act. The defense is allowed not as a protection to a defendant, but as a disability to the plaintiff.”
The defendant herein occupies the position of a plaintiff in the prosecution of his counterclaim.
The defendant seeks to clear himself from the taint of illegality by asserting in substance that the illegality in the transactions by which defendant acquired plaintiff’s interest in the contingent remainder, is solely attributable to plaintiff and he seeks to sustain this contention by asserting that the illegality was conditioned on plaintiff’s failing to reveal to his principal that he was negotiating to sell his interest for a proportionately larger amount than that to be paid to his principal. With this contention this court is not in accord. Any illegality here does not depend solely on the failure to reveal to the principal and client a deal by which the attorney and agent was to benefit more substantially than the principal. Any illegality that exists, exists in the res gestee of the transaction itself between the plaintiff and the defendant and is not to be determined by the method as that advanced by the defendant. If illegality be proved on trial, then the defendant is in pari delicto with plaintiff. His counterclaim is bad for illegality, attributable to the defendant, appearing upon the face of the counterclaim and in the affirmative affegations of his answer. In fact, to state any case against the plaintiff, based on illegality, the defendant must necessarily implicate himself. To do otherwise would render his counterclaim vulnerable to the defense of legal insufficiency.
The remaining amendments sought by the defendant are unsubstantial and in no way vary or change his defense, and leave to amend the answer with respect thereto is denied.
*404 Leave to amend is granted as to the two new affirmative defenses and leave to amend by including the counterclaim is denied. (See, also, Rush v. Curtiss-Wright Export Corp., 263 App. Div. 69, affd. 289 N. Y. 562; Matter of People [Bond & Mtge. Guar. Co.], 303 N. Y. 423; Reiner v. North Amer. Newspaper Alliance, supra.)
With respect to the motion to change the place of trial for convenience of witnesses, it does not appear that the testimony of the proposed witnesses is set forth as required by statute, nor that the change of place of trial is in the interest of justice. The motion for change of place of trial is, therefore, denied.
Order may be entered accordingly, without costs to either party.