■ In the Matter of JOAN C. CALLAHAN, Appellant, v LORRAINE DENTON, Respondent.—Casey, J. Appeal from an order of the Family Court of Saratoga County (Ferradino, J.), entered July 3, 1984, which, *inter alia,* denied petitioner custody of two of her children and granted petitioner visitation rights.

Two of petitioner's three children are involved in her custody dispute with respondent, her former sister-in-law. Although petitioner's divorce decree awarded her custody of the three children, and all of the children actually resided with petitioner during the month of September 1979, petitioner and her former husband, Dennis La Foe, agreed on October 1, 1979 that La Foe would have a "trial custody period". This arrangement lasted for a maximum of two months and the children were then separated, with Dennis, Jr., going to the paternal

grandmother's home and Melanie and Stephen going to live with respondent, who is La Foe's sister, and her husband. After this arrangement had been established, petitioner initiated a proceeding to obtain custody of Dennis, Jr., from the paternal grandmother. At that time La Foe had moved to Tampa, Florida. Custody of Melanie and Stephen was not sought in that proceeding because petitioner felt that respondent and her husband could better care for them. However, at about the same time, respondent and her husband sought legal custody of Melanie and Stephen and instituted a proceeding for that purpose. Both proceedings were resolved when Dennis, Jr., went to live with his father in Florida and petitioner agreed to continue respondent's custody of Melanie and Stephen. By order dated October 12, 1981, Family Court approved this arrangement and gave legal custody of Melanie and Stephen to respondent, with visitation rights to petitioner.

These visitation rights were generally exercised frequently and amicably. Respondent's husband died in January 1983 and, in June 1983, respondent moved to Florida with the children without notifying petitioner. Respondent apparently purchased a home at Inverness, Florida, which is about 1½ hours from La Foe's home. The paternal grandmother resides in the same neighborhood as respondent. La Foe visits the two children almost every weekend and they have reestablished contact with their brother Dennis. Respondent receives $80 per month from La Foe for child support and he pays their medical bills and medical insurance. La Foe also pays for psychiatric counseling for the two children. Petitioner has had regular telephone and mail contact with the children and visited them during the 1983 Christmas holiday.

By order to show cause, petitioner initiated this proceeding, again seeking custody of Melanie and Stephen. After a hearing, Family Court awarded custody to respondent with visitation rights to petitioner for the full month of July and two weeks during the school year to coincide with the children's vacations, plus additional visitation rights in Florida on seven days' notice, with travel expenses for the children to be shared equally between the parties. This determination is the subject of petitioner's appeal.

Involving as it does a dispute between a parent and nonparent, extraordinary circumstances must first be shown before the best interests of the children may be considered (*Matter of Merritt v Way*, 58 NY2d 850, 853; *Matter of Bennett v Jeffreys*, 40 NY2d 543, 549). The circumstances by which this respondent obtained custody are indeed extraordinary. Admittedly,

petitioner, at the time custody was awarded to respondent and her late husband, agreed that a better environment for the children would be so provided. This nonparental custodial arrangement continued for almost two years in a stable environment and was formalized by court order. It should not be upset, therefore, without a determination as to the best interests of the children (see, Matter of Boyles v Boyles, 95 AD2d 95, 99). Family Court properly considered and determined that the best interests of the children required that their custody remain with respondent.

Petitioner's testimony revealed that, although she could provide a more stable environment for the children than she was able to provide previously, the living conditions that she described were no more than a reasonable expectation. She and her new husband are only in the process of acquiring a one-half interest in a hotel operation with his parents; she offered no substantial proof of projected earnings to sustain the increased cost of custody; her present two-bedroom apartment is occupied with her in-laws; her expressed intention to build an addition upon the grant of custody was only that, and was not supported by a showing of financial ability. On the other hand, respondent has a home in Florida ample to accommodate the children; their present environment is stable and secure, especially since they are able to be with their brother Dennis; and a doctor from the Florida Department of Health unequivocally recommends that the children remain in respondent's custody, especially in view of their psychological evaluation. Petitioner has been awarded liberal and practical visitation rights. Therefore, in regard to the best interests of the children, Family Court properly denied petitioner's custody petition seeking a change in their custody. The order of Family Court should be affirmed (see, Matter of Boyles v Boyles, supra).

Order affirmed, without costs. Main, J. P., Casey, Weiss, Yesawich, Jr., and Levine, JJ., concur.