In the Matter of the Application of FRED H. CORNEHL, Petitioner, Appellant, for an Order Pursuant to Article 78 of the Civil Practice Act, against PAUL J. KERN, President, and Others, Commissioners, Constituting the Municipal Civil Service Commission for the City of New York, Respondents.

First Department, May 31, 1940.

*Sidney A. Fine* of counsel [*Gabriel L. Kaplan* and *Sidney A. Fine*, attorneys], for the appellant.

*Charles F. Murphy* of counsel [*David DuVivier* with him on the brief; *William C. Chanler, Corporation Counsel*, attorney], for the respondents.

CALLAHAN, J. Petitioner herein is on an open, competitive, eligible list for the civil service title of accountant, grade 2, which list is still in force and effect. Certifications and appointments have frequently been made from this list to the positions of junior accountant and accountant.

The respondents have promulgated promotion lists for the position of junior accountant and accountant, grade 2, in the emergency revenue division of the comptroller's office of the city of New York. These lists have been the result of so-called city-wide promotion examinations, in which employees in the various offices of the city of New York have been permitted to take part.

Petitioner brought this proceeding under article 78 of the Civil Practice Act to annul any and all certifications heretofore made from the city-wide promotion lists, and to cancel all appointments resulting from such certifications, and to direct respondents to

desist from making any further certifications from the city-wide promotion lists.

The order appealed from denied the application to annul the appointments made, and refused to order that the respondents desist from making further certifications and appointments from said city-wide promotion lists. It further provided that certifications and appointments of the eligibles on the city-wide promotion lists of junior accountant, and accountant, grade 2, shall be preferred over certifications and appointments of persons on the open, competitive eligible list for the position of accountant, grade 2, in the office of the emergency revenue division of the city comptroller's office.

The question raised by this appeal is whether appointments from the city-wide promotion lists violated the provisions of the Civil Service Law and the rules of the municipal civil service commission.

Section 16 of the Civil Service Law provides: " Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists."

Subdivision 4 of section X of rule V of the Rules of the Municipal Civil Service Commission provides: "Eligibility for promotion shall be limited to persons who have served in the next lower grade or rank for not less than six consecutive months immediately preceding the examination in the department, office or institution, for which the examination is held. This limitation, however, shall not apply to persons otherwise eligible who have been transferred to such department, office or institution by virtue of or in accordance with an act in relation to the organization, reorganization, consolidation or abolition of a department, office or institution, or who have been reinstated therein from a preferred list."

The practice recently initiated by the municipal civil service commission, as conceded in their answer, has been to determine what class of employees shall be eligible to promotion examination for a particular position, and then to open said examination to such eligibles in all city departments. As a result of said examination two lists are prepared: (1) a city-wide list, and (2) subdivisions thereof, or departmental lists for each department.

As vacancies occur certifications are made from the departmental lists first, and, when these lists are exhausted, certifications are then made from the city-wide promotion lists. Both departmental and city-wide promotion lists are exhausted before certifications are made from an open, competitive list.

The civil service commission contends that the practice of promulgating city-wide lists for certain positions, such as those in the clerical service, equalizes promotional advantages and broadens the basis of competition, and that such practice is in accordance with the letter and spirit of the Constitution, the Civil Service Law, and the Rules of the Civil Service Commission.

While it undoubtedly is the fair intendment of section 16 of the Civil Service Law, above quoted, that appointments by promotion are to be preferred over appointments from open, competitive eligible lists, it is equally clear that, in filling vacancies by promotion, appointments are required to be made, so far as practicable, from among those holding positions in a lower grade in the department in which the vacancy exists.

We think that, in order to carry out this direction of the statute, eligibles to promotion examinations should be limited to those in the departments where the vacancies exist; or, at least, appointments to such vacancies should be limited to departmental lists. In other words, we deem it to be a part of the declared policy of the State concerning civil service appointments, that promotions must be made from among those in the various departments where the vacancies exist, unless such departmental promotion appointments are impracticable, and that this policy cannot be defeated merely because it might be more economical to hold promotion examinations less frequently, as undoubtedly would be the case in the event city-wide lists are to be exhausted before departmental lists are renewed.

We think that the limitation in the statute as to practicability does not mean that mere convenience of the civil service commission or economy may defeat the declared policy of departmental promotions. It might well be that in a particular department, or office, there would be no eligibles for promotion to the position sought to be filled; or there might be other practical difficulties preventing the holding of departmental promotion examinations, but there is no showing of such practical difficulties under the facts in this case. In fact the respondents have not attempted to assert any such difficulties to sustain their action. They say, in effect, that they think that the method they have adopted is the superior one. If such is the fact, the proper procedure (so long as we have a government of laws) is to petition the Legislature to amend section 16 of the Civil Service Law.

While we do not deem it necessary to determine whether city-wide promotion examinations may be held for identical positions, we do hold that appointments may not be made to vacancies in positions in the competitive class by promotion, except from among

those holding positions in a lower grade in the department in which the vacancies exist, unless it appears that it is not practicable to fill such vacancies by promotion from within the department.

We hold further that a city-wide promotion list is not the proper place from which to secure appointees to fill vacancies where no departmental list exists; and that the proper procedure is the holding of a new promotion examination if there are persons in the department eligible for such examination. To require those in the department to wait until so-called city-wide promotion lists are exhausted before preparing new departmental lists, would defeat the purpose of section 16 of the Civil Service Law, even though obedience to the requirements of the law might require more frequent promotion examinations. On the theory of the dissenting opinion, there might be no departmental promotion examinations for years, although it would be quite practicable to hold them and in such case the law makes them mandatory.

We find no provision in section 14 of the Civil Service Law authorizing a transfer from among those in lower grades in their respective departments to higher positions in other departments. Such a transfer could not be justified in order to defeat the plain provisions of the law above indicated.

Section 14 provides that "Appointments shall be made to or employment shall be given in all positions in the competitive class that are not filled by promotion, reinstatement, transfer or reduction under the provisions of this chapter, and the rules in pursuance thereof, by appointment from among those graded highest in open competitive examinations conducted by the State or municipal commission * * *." We think that this provision means that competitive eligible lists are to be used unless promotion or transfer is resorted to to fill a vacancy, and that such promotions and transfers must be those made in accordance with the Civil Service Law. Where no promotion could be made in accordance with the Civil Service Law, those on the open competitive lists are to be appointed.

The further provisions of section 14 of the Civil Service Law that "Appointments shall be made from the eligible list most nearly appropriate for the group in which the position to be filled is classified," would seem to have no application to the present situation, for there is a list for the precise title — an open competitive list — from which these appointments might be made.

*Matter of Abrams* v. *Kern* (281 N. Y. 787) is not determinative of the questions involved herein. There the issue was attempted to be raised by provisional appointees who had no civil service standing.

While an order nullifying the certifications and appointments heretofore made from the city-wide promotion lists should not be granted in the absence of those who would be directly affected by the ruling, and the order appealed from is correct in denying this relief, we think that it is incorrect in its other provisions. It should not have provided that appointment from city-wide promotion lists of junior accountants, and accountants, grade 2, in the emergency revenue division of the comptroller's office, were to be preferred over appointments of persons on the open, com‑ petitive eligible list for the positions named. Said provision should be stricken out, and, in place thereof, a provision inserted requiring that a preference be given the certification and appointment of those persons on the departmental promotion lists, where such lists exist, and, in the absence of such lists, to the persons on appropriate open, competitive eligible lists.

As so modified, the orders appealed from should be affirmed, with twenty dollars costs and disbursements to the appellant.

Martin, P. J., Townley and Dore, JJ., concur; Cohn, J., dissents and votes to affirm.

Cohn, J. (dissenting). As the result of an open competitive examination, respondents promulgated an eligible list for the position of accountant, grade 2. Petitioner, who was on this list, claims that appointments of eligibles thereon are being illegally blocked by respondents who have certified and intend to certify names from the later established city-wide promotion lists to positions of junior accountant and accountant, grade 2, in departments other than those in which the persons on the promotion lists are presently employed. Eligible lists resulting from city-wide promotion examinations were established by respondents as follows: (1) two city-wide lists; (2) departmental lists which are subdivisions of the city-wide lists and are made up of names of eligibles thereon who were rendering service in various departments of the city, there being a separate departmental list for each department.

The departmental promotion list for the particular positions in the city department to which the certifications have been made here was first exhausted. It is not contended that the certifications which respondents contemplate making from the city-wide promotion lists will be made in any instance to a department while there is available or while there might be made available, a promotion list for that department which is appropriate for certification to the specific positions.

The question thus presented concerns the right of the municipal civil service commission to promulgate city-wide promotion lists and to utilize them for purposes of transfer or promotion to higher

positions in other city departments after appropriate departmental lists have been exhausted.

The purpose of the Constitution (Art. V, § 6) and of the Civil Service Law (§§ 14, 16) quite clearly is to favor promotions of those already in the city service over appointments of persons who have had no such experience and who, under ordinary conditions, are not as well fitted by training or experience for promotion or transfer.

Section 14 of the Civil Service Law contemplates appointments " by promotion, reinstatement, transfer or reduction " before any appointments are made from an open competitive eligible list. It also provides that " Appointments shall be made from the eligible list most nearly appropriate for the group in which the position to be filled is classified."

It is commanded by section 16 of the Civil Service Law that " Vacancies in positions in the competitive class shall be filled, *so far as practicable*, by promotion from among persons holding positions in a lower grade in the department, office or institution in which the vacancy exists." The fourth sentence of the same section reads: " Promotion shall be based upon merit and competition and upon the superior qualifications of the person promoted as shown by his *previous service*, due weight being given to seniority." (Italics ours.) The statute thus recognizes the importance of previous service; it does not require a previous record in the same department in which promotion is to be made.

Reading sections 14 and 16 of the Civil Service Law together, it is quite manifest that the object of the statute is to require that vacancies in the competitive class shall be filled *so far as practicable* by promotion from among those holding positions in a lower grade in the given department, office or institution in which the vacancy exists, but if such vacancies cannot be filled by promotion from among persons holding positions in a lower grade in the given department, office or institution, an existing city-wide promotion list containing names of persons holding positions in other departments may, in the exercise of respondents' discretion, be utilized as the most nearly appropriate list. A ruling to that effect by respondents, in the circumstances presented here, may not be regarded as arbitrary.

Ordinarily the courts will not interfere with the determination of the municipal civil service commission as to whether a specific eligible list is appropriate for the filling of positions, and it is only where the commission's determination is whimsical, capricious or arbitrary, or made in bad faith, that its decision will be denied finality. (*Matter of Forman* v. *Kern,* 257 App. Div. 946; affd., 282 N. Y. 583; *Matter of Sheridan* v. *Kern,* 255 App. Div. 57, 59.)

The use of a city-wide promotion list was approved by this court and the Court of Appeals in *Matter of Abrams v. Kern* (281 N. Y. 787, affg. 257 App. Div. 819). In that case a proceeding had been instituted by eligibles on a city-wide promotion list for clerk, grade 3, to compel the department of public welfare to make certifications and appointments to corresponding positions held by provisional employees in the department of public welfare. There it was urged by the provisionals that the use of a city-wide promotion list violated the provisions of the Civil Service Law. The Court of Appeals affirmed an order compelling certifications and appointments to the vacancies from the city-wide list.

The rights of persons holding positions of a lower grade in the department are not involved in this proceeding. We are concerned here only with the claims of a person who does not hold a position in the civil service but who seeks original entrance therein. Respondents may not be compelled to appoint him from an open competitive list in preference to those who now have positions in the public service in other city departments and who have won places on the city-wide promotion lists in competitive examination and after satisfactory service to the city.

In the circumstances of this case, the Special Term correctly held that respondents were authorized to use for promotion and transfer to the positions of junior accountant and accountant, grade 2, in the emergency revenue division of the Comptroller's office, the city-wide promotion lists as the most nearly appropriate ones, rather than to employ an open competitive list for that purpose.

The orders should be affirmed, with twenty dollars costs and disbursements.

Orders modified, as indicated in opinion by CALLAHAN, J., and as so modified affirmed, with twenty dollars costs and disbursements to the appellant. Settle order on notice.