## (December 21, 1942.)

In the Matter of JULIUS SUNSHINE, Respondent, against HARRY W. MARSH et al., Constituting the Municipal Civil Service Commission of the City of New York, et al., Appellants.

PER CURIAM. In matters concerning Civil Service, it may on occasion be necessary in passing on the rights of the parties to make rulings which may affect incidentally the rights of others who are not parties. For instance, where a court is asked to pass upon the legality of a Civil Service eligible list, such a result might follow. The court will avoid, however, making a decision affecting the rights of those not parties to a proceeding, unless determination of the matter at issue makes it essential to do so. (See *Matter of Cornehl* v. *Kern*, 260 App. Div. 35.) Here no direct relief was granted to petitioner. Only the rights of those not represented were decided. At most, petitioner might hope to obtain some incidental relief thereby.

Further, in the present case it was not necessary to determine the rights of those who had already been advanced in salary, nor was it proper to say their advancement was illegal. It was sufficient to hold that petitioner had no present legal right to advancement. Construed most favorably to petitioner, the effect of the resolution of the Municipal Civil Service Commission, dated October 25, 1928, was to give equal eligibility for advancement in salary beyond $3,120 to all then in Grade 3. But there is a fundamental distinction between being eligible to an increase in salary and being legally entitled to such an increase. Department heads have the right within grade limitations to say that one employee's salary might be increased or decreased and not that of another. (*Thoma* v. *City of New York*, 263 N. Y. 402.) The Board of Transportation had that right as to petitioner. (*Matter of Colbert* v. *Delaney*, 249 App. Div. 209; affd., 273 N. Y. 626.) Assuming the correctness of petitioner's contentions here (that because of the resolution of October 25, 1928, there was no grade barrier at $3,120 as to those in Grade 3 on January 1, 1929), nevertheless the Board of Transportation had discretionary power as noted. Therefore that the Board of Transportation, in connection with the exercise of its discretion, gave some consideration to the recommendations of a committee which was without legal authority to act in the premises would not make the determination of the Board illegal. Eligibility and discretionary power both existing, we see no invalidity in what was done with respect to those advanced. Under the circumstances, it was improper to make the order appealed from.

The order so far as appealed from should be reversed with twenty dollars costs and disbursements, and the petition dismissed.

Present — Martin, P. J., Townley, Untermyer, Cohn and Callahan, JJ.; Martin, P. J., dissents.

Order, so far as appealed from, reversed with twenty dollars costs and disbursements, and the petition dismissed.