Dore, J.
(dissenting). Petitioners seek an order under article 78 of the Civil Practice Act directing respondent, board of superintendents, to nominate, and respondent, board of education, to appoint from the incumbents of lower supervisory positions in the bureau of attendance of the board of education persons to fill long standing vacancies in the office of director, assistant director and chief attendance officer in such bureau. The position of assistant director has now been vacant for nearly seven years; that of chief attendance officer, for over three years; and that of director, for nearly two years.
Under the applicable statute (Education Law, § 2520) appointments to the vacant positions in question “ shall be made upon the nomination of the board of superintendents from the incumbents of supervisory positions of lower grade.” (Emphasis supplied.) The statute in its wording is mandatory. The only persons eligible for nomination and appointment to the vacant positions are petitioners. Each of these three positions has been occupied, since the vacancy therein, by one of the petitioners designated as the “ acting ” officer without receiving the salaries duly appropriated for the respective positions.
More than a reasonable time has long since expired within which respondents were required by mandate of the statute to fill the vacancies in question. Respondents’ long inaction deliberately contravenes, well-settled principles of civil service expressly designed to protect and advance those who have devoted their lives to careers in civil service (see Civil Service Law, § 16; Matter of Cornehl v. Kern, 260 App. Div. 35, affd. 385 N. Y. 777). Thus section 16 provides: “Vacancies in positions in the competitive class shall be filled, so far as practicable, by promotion from among persons holding positions in a lower grade in the department in which the vacancy exists.” (Emphasis supplied.)
This record shows that the respondents have deliberately refused to obey the mandate of the law while they have petitioned and continue to petition the Legislature to repeal the statute so they can go outside of civil service to fill these executive positions to which those in lower grades by law have the right to succeed. Public officers are under a duty to comply with the law governing their official actions. No valid excuse has been offered for the long standing evasion of law by these respondents.
In the light of the long periods of time that have elapsed and the obvious refusal of respondents to follow the statute, Special Term in our opinion should have granted the order.
Accordingly, I dissent and vote to reverse the order appealed from and grant the relief prayed for in the petition.
Peck, P. J., Glennon and Cohn concur in decision; Dore, J., dissents in opinion, in which Shientag, J., concurs.
Order affirmed, with $20 costs and disbursements to the respondents. No opinion.