In the Matter of DANIEL M. CASH et al., Appellants, against SPENCER E. BATES et al., Constituting the State Tax Commission, et al., Respondents.

Argued May 15, 1950; decided July 11, 1950.

David P. Siegel for appellants. I. The petition states facts which entitle petitioners to the relief requested. (*Matter of Barry* v. *Chapman*, 189 Misc. 928; *Matter of Carey* v. *Morton*, 297. N. Y. 361; *Matter of Ross* v. *La Guardia*, 287 N. Y. 28; *Matter of Battaglia* v. *Morton*, 272 App. Div. 372; *Matter of Welling* v. *Bissell*, 171 Misc. 90; *Matter of Hilsenrad* v. *Miller*, 284 N. Y. 445; *Koso* v. *Greene*, 260 N. Y. 491.) II. Defendants-respondents are estopped from asserting that the court was without power to grant the relief demanded because of the expiration of the eligible list from which appointments to motor vehicle license examiners were to be made. (*Harbeck* v. *Pupin*, 145 N. Y. 70; *Phœnix Ins. Co.* v. *Parsons*, 129 N. Y. 86; *Thompson* v. *Simpson*, 128 N. Y. 270; *Conrow* v. *Little*, 115 N. Y. 387; *Curnen* v. *Mayor of City of N. Y.*, 79 N. Y. 511; *Whitehall Water Power Co.* v. *Atlantic, Gulf & Pacific Co.*, 160 App. Div. 208; *People* v. *Finch, Pruyn & Co.*, 207 App. Div. 76.) III. The expiration of the eligible list did not deprive the court of the power to grant the relief requested by petitioners. (*State ex rel. Boucher* v. *Foley*, 128 Fla. 800; *Citizens Bank* v. *Cherokee*, 138 Kan. 282; *Matter of Coombs* v. *Edwards*, 280 N. Y. 361; *National Bank of Deposit* v. *Rogers*, 166 N. Y. 380.)

*Nathaniel L. Goldstein, Attorney-General* (*Kent H. Brown* and *Wendell P. Brown* of counsel), for respondents. Petitioners have no standing to maintain this proceeding. The petition does not allege a cause of action. (*Hurley* v. *Board of Educ. of City of N. Y., 270* N. Y. 275; *Brown* v. *Craig,* 209 App. Div. 11; *Ciaccia* v. *Board of Educ. of City of N. Y.,* 271 N. Y. 336; *Matter of Carow* v. *Board of Educ. of City of N. Y.,* 272 N. Y. 341; *Matter of Martin* v. *Kaplan,* 235 App. Div. 787, 260 N. Y. 550; *Matter of Woods* v. *Finegan,* 246 App. Div. 271; *People ex rel. Huber* v. *Adam,* 116 App. Div. 613.)

LOUGHRAN, Ch. J. The issues herein have a background that should first be stated. For many years the United States Veterans Administration has determined Federal civil service preferences of veterans in accordance with degrees of disability fixed on percentage bases ranging from 0% to 100%. Such 0% rating does not mean an absence of disability. It means (1) the veteran was disabled during the period of his or her service in the armed forces and (2) the disability persists but is slight in degree and does not appreciably impair earning capacity.

At the times here in question, section 6 of article V of the State Constitution declared an absolute preference in civil service appointments and promotions for veterans who during the period of their service in the armed forces in time of war had become disabled to an extent certified by the United States Veterans Administration and whose disability was also certified by that administration to have been in existence at the time of his or her application for appointment or promotion. Upon applications made for such certifications, the Veterans Administration followed its practice of specifying degrees of disability upon percentage bases and the State civil service authorities accorded preferences to all applicants so classified, including those whose disability was rated at 0%. That procedure of the State civil service authorities continued until this court held that a rating of 0% disability or of a disability of less than 10% was no warrant for allowance of disabled veterans' preferences under section 6 of article V of the State Constitution (*Matter of Carey* v. *Morton,* 297 N. Y. 361). So much for the background of this controversy.

The present proceeding was brought under article 78 of the Civil Practice Act against the State Tax Commission and the

State Civil Service Commission. The petitioners are veterans of World War II with disabilities rated by the Veterans Administration at 10% or more. In February, 1942, they passed a competitive civil service examination for the position of motor vehicle license examiner and were made eligible for appointment to that position by a preferred list promulgated in February, 1944. A like preference was by that list bestowed upon other veterans whose disabilities had been rated at 0% and they were thereafter appointed from that same list. But none of these petitioners had been appointed when that list expired in 1948. In this proceeding, they demanded removal of the 0% incumbents and their own appointment. Their petition was dismissed at Special Term. The Appellate Division affirmed. By our leave, the petitioners brought the case here.

The only pleadings in this record are the petition and a notice of objection thereto in point of law (see Civ. Prac. Act, § 1293). In that notice the respondents — the State Tax Commission and the State Civil Service Commission — asked the court at Special Term " for an order dismissing the petition herein as a matter of law for the reason that the same is untimely, and for the further reason that the petition fails to state facts which entitle petitioners, or any of them, to the relief requested or to any other relief."

Argument against the petition on the score of untimeliness is of no avail. For the petition charges a continuing failure of the respondents to obey the command of section 6 of article V of the State Constitution as construed by this court in *Matter of Carey* v. *Morton* (*supra*). (See Civ. Prac. Act, § 1286.)

On the other hand, the respondents are right when they say that appointment of any of the petitioners after the expiration of the eligible list was a legal impossibility, and they are right, too, when they say that they could not estop themselves from asserting the fact of such expiration (see *Matter of Carow* v. *Board of Educ. of City of N. Y.,* 272 N. Y. 341; *Matter of Neubeck* v. *Bard,* 275 N. Y. 43). Even so, the erroneous appointments — though made in good faith — ought to be open to attack by the petitioners, because as citizens and taxpayers they are entitled to an opportunity to insist upon the construction which this court placed upon the civil service article of the State Constitution in *Matter of Carey* v. *Morton* (297 N. Y. 361,

*supra*). (See *Matter of Andresen* v. *Rice,* 277 N. Y. 271, 281. Cf. *Slavin* v. *McGuire,* 205 N. Y. 84, 86; *Matter of McCabe* v. *Voorhis,* 243 N. Y. 401, 411.) *Matter of Phillips* v. *Kaplan* (242 App. Div. 815, affd. 266 N. Y. 514) is not authority to the contrary, since the point we are now considering was there neither raised nor passed upon.

The petitioners may here obtain an order directing removal of 0% veterans from their positions unless an acceptable reason for a contrary course is made to appear by answer or on a trial. For example, an extensive removal of 0% veterans might so disrupt and disorganize the staff of the State Tax Commission as to constrain the court in its discretion to deny the relief here sought (*Matter of Andresen* v. *Rice, supra,* p. 282). Issues of that kind, however, cannot be determined summarily.

In our judgment the dismissal of this petition was error.

The orders should be reversed, without costs, and the matter rémitted to Special Term for further proceedings not inconsistent with this opinion.

FULD, J. (dissenting). It is true that the preferred appointments of veterans with a disability of less than 10%, termed a "zero per cent disability", was improper. But that does not mean that a court is warranted in removing them upon the application of petitioners who sue, not as "citizens and taxpayers", but as persons on an eligible list that had expired long before this proceeding was instituted. Indeed, this court held precisely that — that removal was not warranted — some years ago in a case indistinguishable from the present one. (See *Matter of Phillips* v. *Kaplan,* 266 N. Y. 514, affg. 242 App. Div. 815.) In *Matter of Phillips* v. *Kaplan,* the Civil Service Commission certified a number of disabled veterans of the First World War as being entitled to preferences, and such veterans, who stood lower on the eligible list than petitioners, were promoted between 1930 and 1932. Some time later, and yet prior to the expiration of the list, petitioners sought an order revoking the appointments upon the ground that the appointees had not been entitled to a preference. While the proceeding was pending, this court decided, in *Matter of Potts* v. *Kaplan* (264 N. Y. 110), that the preference had been illegally granted. Relying upon that decision, Special Term directed that the preferences be revoked.

that the appointments of the incumbents be cancelled and that petitioners be appointed in their place. The Appellate Division reversed and dismissed the petition; noting that the eligible list had expired since the commencement of the proceeding, it held not only that petitioners should not be appointed but that the previous certifications and appointments should not be revoked, and this court unanimously affirmed that disposition.

As I have indicated, petitioners do not attack the erroneous appointments as citizens or taxpayers. They seek a voiding of those 1947 appointments, not to regularize the civil service, but solely as individuals claiming that they themselves have a right to the positions thus rendered vacant. Phrased a bit differently, petitioners desire the discharge of incumbents *only as an incident* to procuring the appointments for themselves. Since the " appointment of any of the petitioners after the expiration of the eligible list was a legal impossibility " (opinion of LOUGHRAN, Ch. J., p. 261), the court goes beyond both the prayer for relief and the necessities of the case when it sanctions removal of the incumbents at the hands of such petitioners.

However, even if we were to regard the suit as one brought by citizens and taxpayers, I would still favor its dismissal.

In certifying and appointing veterans with a " zero per cent disability " rating, the Civil Service Commission and the State Tax Commission acted in utmost good faith and in reliance upon an honest and not unreasonable construction of the preference provisions of Constitution and statute. Until we decided the question in *Matter of Carey* v. *Morton* (297 N. Y. 361) — and by a four to three decision — there was a widespread belief that a " zero per cent disability " was a " disability " within the meaning of the Constitution. (See, e.g., *Matter of Barry* v. *Chapman,* 189 Misc. 928, revd. on stipulation by App. Div., 3d Dept., Oct. 22, 1948.) We should not ignore the difficulties that confronted administrative agencies in applying the veterans' preference laws, and we should certainly not sanction nullification of action which those administrative agencies took prior to our decision in the *Carey* case (*supra,* 297 N. Y. 361). A course of administrative interpretation, honestly arrived at, culminating in numerous appointments long before our ruling, of necessity, has consequences. Those consequences

" cannot justly be ignored. The past cannot always be erased by a new judicial declaration." (See *Chicot County Drainage Dist.* v. *Baxter State Bank,* 308 U. S. 371, 374, per HUGHES, Ch. J.)

We vindicate the mandate of the Constitution and we meet the necessities of the present case if we permit appointments previously made, concededly numerous and widespread, to remain *in statu quo,* the 0% veteran incumbents to be eliminated — because of their inability to establish a right to the prior preference — in the orderly course of events, upon future reclassification, promotion, elimination of positions or layoffs. Neither the public interest nor petitioners' rights will suffer if the court's pronouncement as to the impropriety of according a super-preference to 0% veterans, be declaratory in nature and prospective in application. (See *Matter of Cornehl* v. *Kern,* 285 N. Y. 777, affg. 260 App. Div. 35, 40; *People ex rel. Joyce* v. *Schirmer,* 277 N. Y. 676, affg. 253 App. Div. 845; *Matter of Andresen* v. *Rice,* 277 N. Y. 271; *Matter of Phillips* v. *Kaplan, supra,* 266 N. Y. 514, affg. 242 App. Div. 815; cf. *Matter of Sunshine* v. *Marsh,* 290 N. Y. 775, affg. 265 App Div. 927.) In the *Andresen* case (*supra,* 277 N. Y. 271), for instance, where appointments were made to the state police in entire disregard of the Constitution and of civil service requirements, this court, after holding that future appointments must be made " from lists prepared after a competitive examination " went on explicity to say that " *This decision does not affect or disturb the officers in the positions they are now holding* " (p. 282); in the *Cornehl* case (*supra,* 285 N. Y. 777, affg. 260 App. Div. 35), the court, while holding that appointments from city-wide promotion lists were violative of the Civil Service Law, *refused to annul certifications and appointments theretofore made,* even though petitioners who had brought the proceeding were then eligible for appointment; and, in the *Joyce* case (*supra,* 277 N. Y. 676), the court *refused to oust incumbents* even though it appeared that the list from which they had been appointed was illegal because part of the examination had been conducted by unauthorized persons.

The necessity of procuring compliance with the Constitution's civil service requirements and of assuring regularity of certification and of appointment cannot be questioned. However, relief

in the nature of mandamus is an extraordinary remedy, to be granted only to vindicate a clear legal right of petitioners. In my view, the present, with its most unusual circumstances, is not such a case. Here, neither petitioners — who were on an expired list — nor any others have any right whatsoever to appointment in place of the incumbents. Here, the 1947 appointments were made in good faith, in reliance upon an honest and not unreasonable interpretation, long before any court held it incorrect. Any fear that retention of incumbents may undermine the civil service system or point a way to circumvent its requirements is less than tenuous. In point of fact, the present decision, that incumbents must be discharged — " unless " their removal is so " extensive " as to " disrupt and disorganize " the staffs on which they serve (opinion of LOUGHRAN, Ch. J., p. 262) — at the instance of any one who chooses to institute a proceeding, no matter how many years after the appointments were made, and no matter for what sort of noncompliance with some civil service requirement (for every violation in the appointment process contravenes the Civil Service Article of the Constitution) endangers job security and tenure, both exceedingly vital elements in our civil service system. In a word, in a case such as the one before us, to jeopardize innumerable positions of long standing, to sanction the discharge of incumbents who for years have undoubtedly planned their lives upon civil service permanence and tenure, impresses me as wrong in principle and bad on balance.

I would affirm the order of the Appellate Division.

LEWIS, CONWAY, DESMOND, DYE and FROESSEL, JJ., concur with LOUGHRAN, Ch. J.; FULD, J., dissents in opinion.

Orders reversed, etc.