Aron Steuer, J.
The question presented on this application is one of first impression. While counsel for petitioner presented all the surrounding facts he quite properly indicated those which had no bearing and this statement is limited to those which present the issue. Petitioner is an honorably discharged veteran. In 1951 he took an examination for sanitation man, Class B, Department of Sanitation. At that time he asked for and received from the Civil Service Commission a credit of five points to which he was entitled as a nondisahled veteran. He passed the examination and was appointed on June 14,1951. In March, 1953 the Veterans’ Administration changed his status from nondisabled veteran to disabled veteran. In June, 1956 petitioner took a promotional examination for the position of assistant foreman. He applied for and was allowed five points additional credit as a disabled veteran. At this point it might be well to call attention to the scale of credits provided by the Constitution (art. V, § 6). In an open competitive examination a disabled veteran gets 10 points additional credit, a nondisabled veteran, 5 points; on a promotional examination a disabled veteran gets 5 points additional credit, a nondisabled veteran 2y2 points. In September, 1957 petitioner was appointed assist *175 ant foreman. In October the appointment was revoked. The petitioner seeks his reinstatement with the proper accretions of back pay.
Concededly if petitioner was entitled to the 5 points credit he should have been appointed and if so, the revocation was without warrant. Without the extra credits he would not have been entitled to appointment.
The following constitutional and statutory provisions govern this question and their proper interpretation provides the answer.
Constitution (art. V, § 6) “No such member shall receive the additional credit granted by this section after he has received one appointment, either original entrance or promotion, from an eligible list on which he was allowed the additional credit granted by this section ’ ’.
Petitioner claims that this limitation applies to each list separately, or in other words, that an applicant who was appointed, after receiving credits, from one list would still be entitled to credits if seeking appointment from a list promulgated after the list from which he had been appointed. This does violence to the language and also would deprive it of meaning. One person does not receive two or more appointments from the same list. For the section to have any application it must refer to successive lists.
The correct interpretation can be gathered from Civil Service Law (§ 21, subd. 2, pars, [d], [e]) wherein it is provided (a) that if an appointment is not affected by the additional credits, i.e., if the appointee would have been appointed even if he did not have the additional credits, he still retains the right to have them applied on other lists; and (b) that an appointment shall be void if the result of additional credits if the veteran, prior to such appointment had received additional credits.
But the main question is not thereby answered. Does receiving credit as a nondisabled veteran prevent the application of credits as a disabled veteran on a subsequent examination? It should be noted that the question is not affected by any consideration of waiver by the veteran not asking for that which he was entitled. At the time petitioner sought and obtained his original credits he was not classified as a disabled veteran. So it cannot be claimed that he sought to use his credits piecemeal.
In proceeding towards a solution certain principles of the statutory provisions should be noted. Credits can only be used once. They are used entirely or not at all. There is no pro *176 cedure whereby if a veteran needs only one point to enable him to receive an appointment he may retain the remaining four or nine points for use on subsequent examinations. Had this applicant been classified by the Veterans’ Administration as a disabled veteran at the time he took his first examination the fact that he only needed 5 of his 10 points credit would have availed him, nothing on the second. To put it differently the number of credits to which a veteran is entitled has significance only on the examination for which the credits are used. It would follow that a change in the number of credits to which an applicant was entitled would be of no moment after his right to use credits was gone.
The motion is denied.