■ In the Matter of HELEN ARTHUR et al., Appellants, against ARTHUR SMITH, as Building Inspector of the Town of Islip, et al., Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to review (1) a determination made by respondents constituting the Town Board of the Town of Islip, conditionally granting an application of respondent corporation (a) to change the zone of two contiguous parcels of land on Fire Island owned by it from " Residence B-A-A " to " Residence D " and " Business ", respectively, and (b) to authorize the erection, on the parcel rezoned as "Residence D", of a structure called a "boatel" for the accommodation of waterborne transients, and (2) a determination by respondent building inspector, granting a permit to respondent corporation for the erection of such " boatel ". The appeal is from an order dismissing the proceeding. Order unanimously affirmed, without costs. No opinion. Present — Nolan, P. J., Beldock, Ughetta and Hallinan, JJ.; Wenzel, J., not voting.

■ In the Matter of NORMAN C. COWPER, Appellant, against VILLAGE OF LYNBROOK et al., Respondents.— Proceeding pursuant to article 78 of the Civil Practice Act to compel the reinstatement of appellant to the position of Superintendent of the Fire Alarm System of the respondent village. At Special Term the petition was dismissed on the ground that the proceeding had not been brought within four months following appellant's dismissal (Civ. Prac. Act, § 1286). Order reversed, with $10 costs and disbursements, and proceeding remitted to the Special Term to hear and determine the issues raised by the pleadings. As we construe the pleadings, appellant was dismissed from his position for the reason that his duties became unnecessary and not because of any claim of incompetence or misconduct. Appellant alleges that he is entitled to the rights of an exempt volunteer fireman under section 22 of the Civil Service Law. If his dismissal was the result of a determination made in the exercise of judicial or quasi-judicial discretion, the four-month period stated in section 1286 of the Civil Practice Act commenced to run at the time of the dismissal. If appellant was denied any rights granted to him under section 22 of the Civil Service Law, it might be found that there has been a continuing failure of duty specifically enjoined by law, in which event the four-month period commenced to run from the time of refusal of demand for performance of the duty (*Matter of Cash* v. *Bates*, 301 N. Y. 258). The Special Term should not have dismissed the petition without first determining the facts. (Cf. *Matter of Nelson* v. *Kelly*, 4 A D 2d 596 and cases cited therein.) Ughetta, Hallinan and Kleinfeld, JJ., concur; Beldock, Acting P. J., and Murphy, J., dissent and vote to affirm, with the following memorandum: Appellant was discharged about May 31, 1956 without a hearing, in an alleged violation of section 22 of the Civil

Service Law. He demanded a hearing on April 1, 1957. The request was not granted. This proceeding, seeking only reinstatement, was commenced on June 12, 1957. In our opinion, the proceeding was required to be instituted within four months after the dismissal (Civ. Prac. Act, § 1286) and, therefore, was not timely. (*Matter of Alliano* v. *Adams*, 2 A D 2d 532.) Had appellant demanded a transfer to another position on the ground that the position formerly held by him had become unnecessary or had been abolished, the proceeding might be commenced within four months after the refusal to comply with such a demand. (Cf. *Matter of O'Buck* v. *City of Yonkers*, 2 A D 2d 775.) However, appellant never made such a demand nor does he seek such relief in this proceeding.