In the Matter of ALFRED F. McDONALD, JR., Respondent, *v.* MUNICIPAL CIVIL SERVICE COMMISSION OF THE CITY OF BUFFALO, Appellant.

Fourth Department, May 14, 1970.

*Anthony Manguso, Corporation Counsel* (*Peter J. Gerard* of counsel), for appellant.

*John B. Walsh* for respondent.

*Louis J. Lefkowitz, Attorney-General* (*Ruth Kessler Toch* and *William C. Robbins* of counsel), for State of New York, *amicus curiae.*

GABRIELLI, J. We are presented with the question of whether petitioner, an honorably discharged veteran, was within the scope or ambit of section 6 of article V of the State Constitution and section 85 of the Civil Service Law, when he applied for additional credits, on a promotional examination by reason of his status as a *disabled* veteran, a status which matured subse-

quently to a prior appointment wherein he had received a five-point credit as a nondisabled veteran.

The factual background is not in dispute and the following will set the stage for a discussion of the applicable law. In 1953 petitioner made application for the position of patrolman in the Buffalo Police Department and, in accordance with the provision of section 85 of the Civil Service Law, he claimed and received five additional credits as a veteran resulting in his appointment on February 16, 1956. Upon his appointment he executed a document wherein he acknowledged the receipt of these additional credits and he further acknowledged that he thereby exhausted his eligibility to receive additional credits on all future examinations. In 1957 petitioner underwent a physical examination given by the Veterans' Administration and as the result thereof was classified as having a 10% service-connected disability.[1] On January 22, 1966 petitioner took the promotional examination for the position of Lieutenant in the Police Department. Prior to taking the examination his request that he be granted additional credits by reason of his status as a disabled veteran, was denied. In June, 1968 he repeated his request which was again denied. There then followed the present article 78 proceeding seeking to annul the denial by the Civil Service Commission of the additional credits and for a declaration that he be entitled to apply them for promotional credit on the police lieutenant's eligible list.[2] From an adverse judgment of Special Term, the Civil Service Commission appeals the denial of its motion to dismiss the petition.

It might be well to call attention to the scale of credits provided by the Constitution (art. V, § 6). In an open competitive examination a nondisabled veteran is entitled to 5 credits, and a disabled veteran is entitled to 10 points. Upon a promo-

---

1. Pursuant to the provisions of subdivision 2 of section 85 of the Civil Service Law, petitioner, if he had known of this disability when he took the examination for patrolman, would have been entitled to receive 10 additional credits as a disabled war veteran, rather than the 5 credits he actually received as a nondisabled veteran.

2. Although petitioner received a permanent appointment to the position of Lieutenant (without the application of additional credits) subsequent to entry of the order herein, but prior to the argument of this appeal, the importance of the question presented and the likelihood that this issue may recur again and again have dissuaded us from dismissing the appeal as moot. (See *Matter of 330 Rest. Corp.* v. *State Liq. Auth.*, 26 N Y 2d 375; *Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn.* v. *New York Thruway Auth.*, 5 N Y 2d 420; *Matter of Rosenbluth* v. *Finkelstein*, 300 N. Y. 402, 404.)

tional examination, a disabled veteran receives 5 points and a nondisabled veteran 2½ points.

We now turn to the provisions of the Constitution and Civil Service Law, which we hold are dispositive of this proceeding. Section 6 of article V of the State Constitution provides, in pertinent part, that: "No such member shall receive the additional credit granted by this section after he has received one appointment, either original entrance or promotion, from an eligible list on which he was allowed the additional credit granted by this section" and subdivisions 4 and 6 of section 85 of the Civil Service Law which implements this constitutional provision, states that:

"4. Use of additional credit. (a) Except as herein otherwise provided, no person who has received a permanent original appointment or a permanent promotion in the civil service of the state or of any city or civil division thereof from an eligible list on which he was allowed the additional credit granted by this section, either as a veteran or disabled veteran, shall thereafter be entitled to any additional credit under this section either as a veteran or a disabled veteran.

"6. Roster. The state civil service department and each municipal commission shall establish and maintain in its office a roster of all veterans and disabled veterans appointed or promoted as a result of additional credits granted by this section to positions under its jurisdiction. The appointment or promotion of a veteran or disabled veteran as a result of additional credits shall be void if such veteran or disabled veteran, prior to such appointment or promotion, had been appointed or promoted as a result of additional credits granted by this section."

Petitioner claims that the limitation contained in these sections does not bar him from the use of credits which came into being subsequent to his prior appointment, wherein there were applied certain additional credits granted by these constitutional and statutory provisions. The main question to be answered can be stated as follows: Does the receipt of credits as a nondisabled veteran foreclose the use of credits as a disabled veteran on a subsequent promotional examination? The petitioner seeks to have us answer this in the negative. We are constrained, however, to disagree with this contention as we are obliged to read the constitutional and statutory provisions as permitting the use of credits but once, and a change in the number of credits to which an applicant is entitled is of no moment. In this connection we are in agreement with the reasoning and result reached in *Matter of Gorman* v. *Schechter*

(10 Misc 2d 173). The opening phrase of the last sentence of the quoted constitutional provision forecloses any other interpretation since it clearly prohibits the use of any " additional credit granted by this section " after " he has received *one* appointment " (emphasis supplied). The clarity of this view is buttressed by that portion of the Civil Service Law (§ 85, subd. 4) which unmistakenly prohibits the use of any additional credit " either as a veteran or disabled veteran " when he has previously received an appointment upon which additional credit was granted by reason of his status as a veteran. These provisions leave no doubt that petitioner may not, under the circumstances revealed by the instant facts apply the additional credits sought herein. A contrary interpretation would do violence to the language and intent of the Constitution, as well as deprive it of meaning.

Although our result renders academic the other points raised by appellant, we feel it proper to point out that petitioner's application was not barred by the limitation prescribed by CPLR 217 (see *Matter of Cash* v. *Bates*, 301 N. Y. 258). Neither can it be successfully argued that he had waived his rights to the credits sought herein by the execution of the " acknowledgment " upon his original appointment. (See, e.g., *People* v. *Sawyer*, 33 A D 2d 242; *Nieves* v. *United States*, 280 F. Supp. 994.)

The judgment should be reversed and the petition dismissed, without costs.

DEL VECCHIO, J. P., MARSH and HENRY, JJ., concur.

Motion to dismiss appeal denied. Judgment unanimously reversed on the law and facts without costs and petition dismissed.