In the Matter of Ronald Hoffman et al., on Behalf of Themselves and All Others Similarly Situated, Appellants, v Ersa H. Poston, as President of the Civil Service Commission, et al., Respondents.

Third Department, November 13, 1975

*DeGraff, Foy, Conway & Holt-Harris (Richard L. Burstein* of counsel), for appellants.

*Louis J. Lefkowitz, Attorney-General (William J. Kogan* and *Ruth Kessler Toch* of counsel), for respondents.

KOREMAN, J. Although an article 78 proceeding is an inappropriate vehicle to test the constitutionality of legislative action, this court, pursuant to CPLR 103 (subd [c]), will treat the suit as an action for a declaratory judgment. (See, e.g., *Matter of Lakeland Water Dist. v Onondaga County Water Auth.,* 24 NY2d 400.)

Petitioners are citizens, taxpayers and employees of the State of New York, occupying positions allocated to Salary Grade 14 in the competitive class of the classified service. They made this application on their own behalf and on behalf of all other employees of the State similarly situated, who occupied a position allocated to Salary Grade 14. In denying the application, Special Term concluded that there was no showing that respondents acted in an illegal, discriminatory, arbitrary or capricious manner in establishing a two-year trainee program for certain Grade 18 administrative positions, and this appeal followed.

The plan in question, to take effect on April 18, 1974, consists of two basic parts. Under Part 1, all positions set forth in the plan, and which are not occupied, are reclassified from Grade 14 to Grade 18. Thereafter, future appointees to those positions will be required to satisfactorily complete two levels of training, Administrative Trainee I and Administrative Trainee II, each entailing one year's service, in order to establish eligibility for permanent appointment at Grade 18. Part 2 pertains to incumbents with one year or more of permanent service in a Grade 14 position, and the plan

provides that such an incumbent may be advanced in a direct line (e.g., Personnel Administrator, Grade 14 to Senior Personnel Administrator, Grade 18) in the discretion of the appointing officer, without examination, with the approval of the Division of Classification and Compensation and the Division of the Budget. The decision not to reclassify an incumbent who "has not demonstrated ability to satisfactorily perform at the Senior level" is also left to the appointing officer.

Petitioners' principal contention is that the latter part of respondents' plan or program permitting the advancement of incumbents in Grade 14 positions to the Grade 18 level, in the discretion of the appointing officer, without examination, and without setting forth any standards or guidelines, is constitutionally prohibited. Petitioners, who are Assistant Accountants (Grade 14 positions), also complain that while they could stand for competitive examinations for Grade 18 administrative positions prior to implementation of respondents' plan, access to those jobs is now limited by the plan to direct line advancement, without examination.

Respondents contend that petitioners were not injured in any way by the trainee program, and, therefore, are not aggrieved thereby and lack standing to maintain this proceeding. We agree with the determination of Special Term that petitioners do have standing to maintain this proceeding as citizens, residents and taxpayers of the State of New York. *(Boryszewski v Brydges,* 37 NY2d 361; *Matter of Burke v Sugarman,* 35 NY2d 39; *Matter of Cash v Bates,* 301 NY 258, 261; *Matter of Andresen v Rice,* 277 NY 271, 281.) The class action relief sought, however, should not be granted here, "where governmental operations are involved, and where subsequent petitioners will be adequately protected under the principles of *stare decisis." (Matter of Jones v Berman,* 37 NY2d 42, 57; *Matter of Rivera v Trimarco,* 36 NY2d 747, 749.)

The determination of respondent Civil Service Commission that it was no longer in the public interest to extend administrative services examinations to certain Grade 14 positions such as held by petitioners may not be interfered with by the courts if any fair argument can be made in support of such action. *(Matter of Wirzberger v Watson,* 305 NY 507, 513.) The fair argument test appears to have been met by respondents in determining promotional examination eligibility pursuant to section 52 of the Civil Service Law. Nor can there be any question of the propriety of respondents' action insofar as Part

I of the program is concerned, reclassifying all vacant Grade 14 positions to Grade 18 level, as authorized by section 118 of the Civil Service Law, and also establishing a two-year trainee program, as authorized by departmental regulations (4 NYCRR 4.3). Competitive examination is required for eligibility for the trainee program.

That part of the program set forth in paragraph designated "2.", however, does present statutory and constitutional problems, since it permits advancement of those incumbents in a Grade 14 position to a Grade 18, only in a direct line, without examination, and at the discretion of the appointing officer. The State Constitution requires that appointments and promotions in the civil service shall be made according to merit and fitness to be ascertained, so far as practicable, by examinations which, so far as practicable, shall be competitive. (NY Const, art V, § 6.) This mandate has been effectively carried out by the enactment of the Civil Service Law, and the fundamental purpose running through its provisions is that so far as practicable, positions in the State service will be filled by competitive examinations. (*Matter of Andresen v Rice,* 277 NY 271, 276, *supra.*) While subdivision 4 of section 132 of the Civil Service Law permits an incumbent to continue to serve in a position reclassified to a higher salary grade, without further examination, when the reclassification represents no substantial change in duties and responsibilities, the statute does not authorize an appointing officer to decide, in his discretion, who among such incumbents shall have their positions so reclassified. To be considered a true reclassification, all incumbents occupying the positions upgraded should be eligible to receive Grade 18 status, without examination, and not only those advanced at the discretion of the appointing officer. In our opinion, this latter portion of the plan or program in question is an impermissible method of promoting civil service employees without examination under the guise of a reclassification (*Matter of McNamara v McCoy,* 36 AD2d 787, 788), and, to the extent indicated, the plan is in violation of section 6 of article V of the State Constitution.

The judgment should be reversed, on the law and the facts, without costs, and judgment directed to be entered declaring that paragraph designated "2." of respondent Poston's memorandum dated April 5, 1974 is unconstitutional and that the remaining paragraphs of said memorandum are constitutional.

SWEENEY, J. P., KANE, MAIN and LARKIN, JJ., concur.

Judgment reversed, on the law and the facts, without costs, and judgment directed to be entered declaring that paragraph designated "2." of respondent Poston's memorandum dated April 5, 1974 is unconstitutional and that the remaining paragraphs of said memorandum are constitutional.