■     In the Matter of SOL LEFKOWITZ, Individually and in All Other Capacities, Petitioner, v RICHARD J. BARTLETT, as State Administrator of the Administrative Board of the Judicial Conference, et al., Respondents.— Motions to dismiss a proceeding pursuant to CPLR article 78 (brought on in the Appellate Division of the Supreme Court in the First Judicial Department) seeking to increase both the amount of funds available for the operation of the court system in this State and the number of Judges available to hear and dispose of cases. The motion and proceeding have been transferred to this court for disposition. Petitioner's fundamental contention is that delays in the functioning of the court system of this State result in the abrogation of the constitutional rights of both criminal and civil litigants. He further complains that lawyers, such as himself, are deprived of a livelihood because there are insufficient Judges to hear cases. To rectify this situation, he proposes, by means of this proceeding, to compel the respondent State Administrative Judge to submit a budget sufficient for the administration of justice in compliance with constitutional standards and to take such legal actions as are necessary to obtain the funds needed for the proper administration of justice. Additionally, he seeks to have automatically certified for continued judicial service, pursuant to section 115 of the Judiciary Law, all retired Justices of the Supreme Court who are desirous of such certification and particularly the 13 respondent Justices who have previously been denied certification. In the alternative, should we hold that certification is not mandatory, he seeks a direction that the administrative board adopt standards and policies relating to the determination of which Justices are to be certified. For his part, the State Administrative Judge moves to dismiss the proceeding upon the ground that petitioner lacks the legal capacity to bring said proceeding. We hold that the petition must be dismissed. With regard to the funding of the court system and related budgetary matters, the duties of the State Administrative Judge are fully set forth in paragraph (k) of subdivision [1] of section 211 of the Judiciary Law wherein he is directed to: "prepare and submit to the administrative board the itemized estimates of the annual financial needs of the courts." Since nothing in the record herein indicates or would support a finding that the Administrative Judge has been derelict in his performance of these statutorily imposed duties, petitioner has plainly failed to show entitlement to relief in relation thereto. Similarly, the standards and policies to be followed by the administrative board in the certification of retired Justices for continued service are contained in subdivision 1 of section 115 of the Judiciary Law wherein the board is directed to consider the mental and physical capacities of the Justices to perform the duties of office and also the need for the services of said Justices in order to expedite the business of the Supreme Court. In our opinion, this enactment provides the board with sufficient guidelines to govern its deliberations in determining whether or not to certify additional Justices, and, again, nothing in petitioner's papers indicates that the board has not properly carried out these legislative mandates. As to the 13 respondent Justices, we further hold that petitioner is without standing to bring this proceeding in their behalf. Only they themselves could bring to the proceeding the interest required for a thorough and proper development of the issues involved in the determination of their respective individual destinies, and no authorization by any such Justice to bring this proceeding in his behalf is presented (cf. *Matter of*

*Burke v Sugarman,* 35 NY2d 39). Motion granted, and petition dismissed, without costs. Sweeney, J. P., Kane, Main, Larkin and Reynolds, JJ., concur.