■    In the Matter of PAUL J. BARONCELLI, Appellant, v VICTOR S. BAHOU et al., Constituting the Civil Service Commission of the State of New York, et al., Respondents.—Appeal from a judgment of the Supreme Court at Special Term, entered October 18, 1976 in Albany County, which dismissed petitioner's application, in a proceeding pursuant to CPLR article 78, and vacated an order staying disciplinary measures imposed upon the petitioner. Petitioner, a resident, citizen and taxpayer of the State of New York and an employee of respondent New York State Department of Taxation and Finance, filed a complaint with the Civil Service Commission

by letter of December 9, 1975, protesting the appointment of one Milton Sklar to fill a vacancy in the position of Associate Estate Tax Examiner in the White Plains District Office. Petitioner contended that the appointment was illegal because the certification of three eligibles for consideration was alleged to have been in violation of applicable rules and regulations of the respondent Civil Service Commission. Petitioner himself is not eligible for appointment to the position which is immediately superior to his own position. An investigation was conducted, which ultimately led to an appeal to the full Civil Service Commission, and which resulted in the determination that no illegality attended the appointment of Milton Sklar. A challenge to this determination constitutes petitioner's "First Special Proceeding". On March 31, 1976 petitioner was served with a notice of discipline proposing a 30-day suspension without pay for alleged insubordination in connection with disobedience of direct orders issued by petitioner's supervisor. A grievance was thereafter filed by petitioner pursuant to a collective bargaining agreement, after which the disciplinary action and proposed penalty were sustained. Petitioner took no further steps in the contractual grievance procedure. Rather he challenges the disciplinary action in his "Second Special Proceeding". The court at Special Term held, as to petitioner's "First Special Proceeding", that he lacked standing to maintain the proceeding. As to the "Second Special Proceeding", it too was dismissed, in this case because of petitioner's failure to exhaust administrative remedies. We affirm. While the concept of standing has become an expanding one, there are still limitations. In no case in which a complainant, whose interest is that of a resident, citizen or taxpayer, has challenged appointments in the civil service on grounds which do not rise to the level of a constitutional attack has standing been sustained. Thus the rule of law as we discern it at the present time is that a challenge to a civil service appointment can only be made by (1) an individual on a certified eligible list for appointment to such a position, or (2) by a citizen, resident or taxpayer on constitutional grounds. (See *Boryszewski v Brydges,* 37 NY2d 361; *Matter of Burke v Sugarman,* 35 NY2d 39; *Matter of Hoffman v Poston,* 49 AD2d 316.) We decline to further expand the scope of the standing requirement. Petitioner contends that because of his challenge to the legality of the appointment of the individual whose directives he is charged with having disobeyed he is not prohibited from seeking an order of prohibition against further disciplinary proceedings. This contention appears to us as an afterthought in view of petitioner's initiation of a grievance procedure, but in any event no reason is shown why this contention could not have been raised and considered at later stages of a fully exhausted grievance procedure. Moreover, since Milton Sklar was the officially designated superior in charge of petitioner, and in the absence of any contention that the directives themselves were unlawful, the alleged illegality of Milton Sklar's appointment would not excuse noncompliance with otherwise proper orders and directives until such time as Milton Sklar might in fact have been relieved of authority. We have examined the remainder of petitioner's contentions and find them to be without merit. Judgment affirmed, without costs. Koreman, P. J., Greenblott, Main, Larkin and Herlihy, JJ., concur.