OPINION OF THE COURT
Edward S. Conway, J.
This is a motion for a judgment pursuant to CPLR article 78 ordering the New York State Department of Civil Service to order and conduct a written competitive examination for the positions created within the James E. Christian Memorial Health Department and assigned to former employees of Health Research, Inc. (H.R.I.), in violation of section 45 of the Civil Service Law.
Respondents contend that this proceeding is time barred because the actions or determinations complained of in the petition became final and binding upon petitioners more than four months before the instant proceeding was commenced and is therefore barred by the provisions of CPLR 217.
Petitioners contend that H.R.I. and the Civil Service Commission have engaged in, and continue to engage in, a course of conduct which petitioners assert is in violation of section 45 of the Civil Service Law.
*1053 The Court of Appeals in Matter of Grossman v Rankin (43 NY2d 493, 506) stated: “we conclude that it was error to limit the review to those positions filled within four months of the commencement of the litigation (see CPLR 217). Since the petition charges a continuing failure of respondents to follow the command of section 6 of article V of the Constitution, the usual time limitations will not bar review of the other challenged positions (Matter of Cash v Bates, 301 NY 258, 261).”
However, in this case there are no claims of any violations within four months of the commencement of this proceeding, there is merely a bare allegation of such continuing conduct which, in this court’s opinion, is inadequate. The last violation if it be one, took place on January 25, 1982 when the Civil Service Commission approved an application of the Health Department to hire 18 former H.R.I. employees pursuant to the provisions of section 45 effective retroactive to December 17,1981. This proceeding was not commenced until December 2, 1982, more than 11 months after the final determination of the State Civil Service Commission on January 25, 1982, which determination is not subject to any administrative appeal.
This proceeding is time barred and the petition must therefore be dismissed.