*711 OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be reversed, with costs, and the matter remitted to Supreme Court, New York County, for further proceedings on the petition.
General Associations Law § 12 provides that the president or treasurer of an unincorporated association may maintain an action or special proceeding “upon any cause of action, for or upon which all the associates may maintain such an action or proceeding, by reason of their interest or ownership therein”. The proceeding has been dismissed on the ground that the president of the union has no standing to maintain the present proceeding because of a conflict of interest among three of its members who failed an oral examination for promotion to senior associate accountant and others of its membership who passed both the written and oral components and whose positions on the list of eligibles may be affected if the present proceeding (which questions the failure to indicate the weight to be attached to the oral component) is successful.
Under General Associations Law § 12, standing of the union turns on whether all members of the union could maintain the action by reason of their interest. As Matter of Burke v Sugarman (35 NY2d 39) made clear, eligibles on a civil service list from which a position is to be filled, as well as ineligibles, have standing to challenge the compliance with governing constitutional, statutory and regulatory provisions of the procedures under which the list was produced.
Whether the present proceeding involves any violation of the union’s obligation of fair representation is a different question: viz., whether in fairness the union should be permitted to maintain a proceeding in which the interests of some of its members may be in conflict with the interests of others; not whether all of the union’s members may maintain such a proceeding. The former question, as we have but recently recognized, does not of necessity foreclose a union’s acting on behalf of some members whose interests are opposed by some of the other members, though in some situations it may (Matter of Civil Serv. Bar Assn. v City of New York, 64 NY2d 188, 197 [“Where the union undertakes a good-faith balancing of the divergent interests of its membership and chooses to forgo benefits which may be gained for one class of employees in exchange for benefits to other employees, such accommodation does not, of necessity, violate the union’s duty of fair representation”]; see, Jacobs v Board of Educ., 64 AD2d 148, appeal dismissed 46 NY2d 1075).
*712 Whether in the present case the union’s obligation of fair representation proscribes its maintenance of the proceeding as well as whether there should be a joinder of those on the eligible list are questions not subsumed by the affirmative defense of lack of standing. It was, therefore, error to dismiss the proceeding on that ground.
Chief Judge Wachtler and Judges Jasen, Meyer, Simons, Kaye and Alexander concur; Judge Titone taking no part.
Order reversed, with costs, and matter remitted to Supreme Court, New York County, for further proceedings on the petition in a memorandum.